WRIGHT, WILLIAMS & Co. v. JOHN TEMPLE.

*A transfer of an obligation of a third person in settlement of a debt, is not a compromise, but a dation en paiement.*

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *D. C. Morgan*, for plaintiffs and appellants. *McGuire & Ray*, for defendant.

BUCHANAN, J. Defendant, a planter in Morehouse parish, being sued upon two notes given by him in settlement of a balance of account to the plaintiffs, commission merchants in New Orleans, pleads want of consideration, in this, that there was usury and error in the items which go to make up the account settled.

Plaintiffs insist that the settlement in question amounted to a compromise, and invoke the Article 3045 of the Code, which declares that compromises cannot be attacked for errors of law or *lesion*.

We are unable to recognize the distinctive features of a compromise in this settlement. C. C. 3038.

In part payment or acquittance of defendant's indebtedness, the plaintiffs received the obligation of a third person to defendant, for a large amount of money, bearing interest and payable in annual installments of cotton, say 40,000 lbs. of cotton annually, This obligation, on which some fourteen thousand dollars were unpaid and unmatured at the time of the settlement, was received at the rate of eleven thousand dollars or thereabouts. This was the result of a calculation by defendant and the Clerk of plaintiffs, who represented them in the settlement. The latter, examined as a witness, considered this to be a compromise, because he says the estimate of eleven thousand dollars was in fact several hundred dollars more than the cash value of the cotton obligation transferred. We are unable to perceive very clearly the correctness of this opinion of the witness, for which no data are furnished. This is immaterial, however, to the question. Whether the estimate of the value of the *Douglass* obligation was too high or two low, it was the estimate agreed upon mutually ; and for that amount, the transfer of the obligation was not a compromise, but a *dation en paiement*.

The particulars of the account for which the notes in question were given, may, therefore, be inquired into, under the allegation of defendant's answer, for the purpose of testing the consideration of the notes.

The statement of account made by the District Judge, appears to us to have done justice to the parties, under the evidence.

Judgment affirmed, with costs.