## GAYLOR v. COPES.[*]

*(Circuit Court, E. D. Louisiana.   February, 1883.)*

1. TRANSACTION OR COMPROMISE—LA. CIVIL CODE, ART. 3073.

Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed, and they do not extend to differences which the parties never intended to include in them. The renunciation, which is made therein to all rights, claims, and pretensions, extends only to what relates to the differences on which the transaction arises. La. Civil Code, art. 3073.

2. WARRANTY.

Wherever there is a sale, or an exchange, or a giving in payment of property, unless waived by the contract, there is an implied warranty that the person so selling, or exchanging, or giving in payment is the owner of the thing sold, exchanged, or given. The same rule prevails in case of a settlement between debtor and creditor where property wholly outside of the differences between the parties is given in payment.

*Davis* v. *Lee*, 20 La. Ann. 248, distinguished.

*Wright* v. *Temple*, 13 La. Ann. 413, followed.

On Rule for a New Trial.

About the facts in the case, as developed by the evidence on the trial, there can be no dispute. The following may be taken as a full and fair statement:

Prior to the war the firm now represented by plaintiff had dealings with the firm of Copes & Phelps, of which defendant is now the representative,

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

consisting in the consignment to the latter firm for sale of large quantities of hoop-iron and clasps for cotton ties. The last lot consigned, just prior to hostilities, amounting to about $6,000, were sent without previous order, and were of inferior quality, which, when sold, did not give full satisfaction. The account of plaintiff's firm, as made up to March 15, 1861, showed a balance due from Copes & Phelps of $11,944.23. Matters remained in abeyance during the war. Immediately following peace, about June 10, 1865, the agent of plaintiff's firm appeared in New Orleans to settle affairs with Copes & Phelps. The account then appeared to be over $12,000, with about four years' interest. After negotiations, a settlement was reached to the effect that Copes & Phelps released plaintiff's firm from all reclamations for inferior quality of goods, and plaintiff's firm received from Copes & Phelps, in full of all acounts,—

| | |
|---|---:|
| Cash, | $3,000 |
| Five railroad bonds of the Vicksburg, Shreveport & Texas Railroad Company for | 3,000 |
| Six certificates of Texas land-scrip, 640 acres ea., | 3,200 |
| Copes & Phelps' note, dated New Orleans, June 15, 1865, at 6 mo., | 1,500 |
| Copes & Phelps' note, dated New Orleans, June 15, 1865, at 1 yr., | 1,500 |
| | $12,200 |

At this time the firm of Copes & Phelps were not in a flourishing condition, though the above did not constitute all their assets. The railroad bonds specified remained in plaintiff's hands, without suspicion of their validity, or of any defective title to them, until near the close of the long litigation in relation to the Vicksburg, Shreveport & Texas Railroad, when, to the surprise of both parties, the bonds were discovered to be worthless, not being negotiable, and having never been issued by the company, but having been stolen from the vaults of the company during a raid by the federal forces on the town of Monroe, in 1864. The plaintiff, on this discovery, notified the defendant, and thereafter tendered him the bonds, demanding, in lieu thereof, the amount for which they had been received in payment. The issue in this suit is as to whether the defendant is bound to make the plaintiff good.

*John H. Kennard, W. W. Howe,* and *S. S. Prentiss,* for plaintiff.
*H. D. Ogden,* for defendant.

PARDEE, J. The theory of the plaintiff is that the bonds were given in payment, and that as the title has failed the defendant is bound on his implied warranty. The defendant claims that the whole settlement amounted to a transaction and compromise, and that therein no warranty of titles was implied, as there was no concealment or fraud.

The question in the case is one of law, and the jury has decided it in favor of the defendant. Is the decision correct?

The defendant relies on article 3083 of the Revised Civil Code of Louisiana, which reads:

" Where parties have compromised generally on all their differences which they might have had with one another, the titles which they then kno w nothing of, and which were afterwards discovered, are not a cause of rescinding the transaction, unless they have been kept concealed on purpose by the deed of one of the parties. But the transaction becomes void if it relates only to an object upon which it is proved by the titles newly discovered that one of the parties has no right at all."

There is no doubt that the parties compromised generally on all their differences, which were as to the amount due and what should be given and received in payment. This compromise was reduced to writing, as required by article 3071 of the Code. For all the matters involved, all the differences settled, this compromise should have "a force equal to the authority of the thing adjudged." Rev. Civil Code, 3078. But the matter in issue here was not involved in that compromise. The ownership of the five bonds was not a difference between the parties at that time. Copes & Phelps held themselves out as the then owners of the bonds, with the power to transfer them. No doubt of this ownership then existed on either side.

There was nothing to compromise about it, no more than as to the ownership of the money paid over under the same compromise. Can it be contended that Copes & Phelps might have paid over counterfeit money and then shielded themselves under the compromise ?

It seems to me that article 3073 of the Code applies to this case :

"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed ; and they do not extend to differences which the parties never intended to include in them. The renunciation which is made therein to all rights, claims, and pretensions, extends only to what relates to the differences on which the transaction arises."

It is not pretended that the title or ownership of the bonds on the part of Copes & Phelps was in any way a difference comprehended in the compromise by the intention of the parties as made and expressed, nor does it seem to me to be a necessary consequence of what was expressed.

It is well settled under Louisiana law that wherever there is a sale, or an exchange, or a giving in payment, of property, unless waived by the contract, there is an implied warranty that the person so selling, or exchanging, or giving in payment is the owner of the thing sold, exchanged, or given. Rev. Civil Code, arts. 2475, 2501, 2569, 2667.

That a different rule should prevail in case of a settlement between debtor and creditor, where property wholly outside of the differences between the parties is given in payment, is neither in accordance with reason or the law, as I understand either. The defendant urges strongly as applicable here the view of the law taken by Justice BRADLEY in the case of *Chapman* v. *Wilson*, 5 FED. REP. 305, some time since decided in this court. As I understand that case it was entirely different in its facts from this. Warranty was expressly waived in regard to the thing given in payment; and the invalid thing, the subject of contest, was a worthless collateral security. The case of *Davis* v. *Lee*, 20 La. Ann. 248, also cited, was a genuine case of transaction and compromise. The syllabus shows how little it bears on this case.

" When several parties having interest in an estate enter into a transaction, the object of which is to end litigation and settle all matters in dispute, none of the parties are bound in warranty to the others on account of the interest in real property therein conveyed."

The case of *Wright* v. *Temple*, 13 La. Ann. 413, appears to be a parallel case to this, and there it was held that "a transfer of an obligation of a third person in part payment or acquittance of a debt, the amount of which is ascertained by a settlement, is not a compromise but a *dation en paiement*."

The verdict of the jury is against the law, and I am constrained to grant a new trial. In charging the jury I was particularly careful to inform them that, in order to find for the defendant on the theory of compromise or transaction, they must find from the evidence that warranty of ownership must have been expressly waived or that the title or ownership of the bonds was one of the differences compromised. The jury may not have understood this instruction; if they did and followed it, then their verdict is wholly unsupported by the evidence in the case, and a new trial should be granted on that ground.

In granting a new trial I do not want to be considered as holding that in the transfer of the bonds in this case there was any other warranty by Copes & Phelps than that of ownership or the right to transfer. And this leads me to say that perhaps the stipulated price at which they were taken in payment may not be the true rule in damages in this case. If the collectibility of the bonds was not warranted, it would seem more equitable to require from Copes & Phelps the value they would have had if genuine; in other words, what plaintiff's firm would have realized in the foreclosure of the

mortgage securing the bonds, if the bonds had been genuine, as both parties supposed. The hardship of this case leads me further to say that now transaction or compromise is the most appropriate remedy to apply to it.

Let the verdict and judgment rendered in this case be set aside, and a new trial ordered.