No. 2611

Second Circuit

---

HARRIS v. DUBACH MILL CO., INC.

---

(June 2, 1926, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Timber—Par. 15; Evidence—Par. 352.**

Where the evidence did not show that the representative of the plaintiff could have profited by the error in cutting timber from plaintiff's land it is not proven that the defendant was in moral bad faith.

2. **Louisiana Digest—Timber—Par. 15.**

Where the evidence does not show moral bad faith or an intentional trespass or wilful intent to cut timber of the plaintiff and convert it into their own use, the measure of damages is the difference between the value of the timber sold and the cost of manufacture.

3. **Louisiana Digest—Timber—Par. 15.**

Damages allowed for wrongful cutting of timber from another's land allowed at a rate commensurate with the value of the timber destroyed.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Third Judicial District Court of Louisiana, Parish of Lincoln, Hon. S. D. Pearce, Judge.

Action by Mrs. Bertie Harris against Dubach Mill Company, Inc. There was judgment for plaintiff and defendant appealed. Defendant answered the appeal.

Judgment amended and affirmed.

T. S. Price, of Ruston, attorney for plaintiff, appellant.

Dhu Thompson, of Ruston, attorney for defendant, appellee.

WEBB, J. In this case plaintiff seeks to recover judgment against defendant in the sum of eighteen hundred and sixty-six 65-100 dollars, the alleged value of lumber manufactured from timber alleged to have been illegally cut and removed from lands belonging to petitioner.

The defendant admitted cutting on the lands and removing a part of the timber cut and manufacturing the same into lumber, but alleged that its action was in good faith, believing it had the right to cut the timber and remove same, and that it was liable for only the stumpage value of the timber removed.

On trial judgment was rendered in favor of plaintiff in the sum of four hundred twenty-four and 58-100 dollars, which was found to be the difference between the value of the lumber which could have been manufactured from the timber cut and the cost of manufacture.

The plaintiff appealed, and the defendant has answered the appeal, praying that the judgment be amended and the amount allowed reduced in accordance with the original answer.

## OPINION

The record shows that the Dubach Lumber Company, Ltd., a corporation, was the owner of a sawmill plant and appurtenances, including tramways or roads and

equipment, and timber lands and contracts, among which contracts was one of date November 2, 1912, acquired from J. S. and Bettie Roane, under which the Lumber Company acquired the right to cut and remove timber within ten years from the date of the contract on several hundred acres of land, including the NE¼ of NE¼ of Section 27 and S½ of SE¼ of Section 22, township 19 north, range 2 west; that the Dubach Lumber Company, Ltd., entered into an agreement with the defendant, Dubach Mill Company, Inc., a corporation, about the year 1920, under which the defendant took over the operation of the sawmill, etc., and was given the right to cut the timber of the Dubach Lumber Company, Ltd., and to manufacture the same into lumber, the Dubach Lumber Company, Ltd., to receive a certain per cent of the price obtained from the sale of the lumber.

That in carrying out the arrangement of operating the plant and cutting the timber, the Dubach Lumber Company, Ltd., furnished the Dubach Mill Company, Inc., a list of the timber contracts, showing the names of the parties and date of contract and expiration and description of lands covered by the contract, on which list appeared a memorandum of the contract made with J. S. and Bettie Roane, and that the Dubach Mill Company, Inc., from this list made a map or maps which were used by it in its instructions to its employees in cutting the timber.

It further appears that the timber on the lands covered by the contracts between J. S. and Bettie Roane and the Dubach Lumber Company, Ltd., of date November 2, 1912, was not cut within the period stipulated in the contract, and in the meantime Mrs. Bettie Roane died and the lands covered by the contract were partitioned between J. S. Roane and decedent's heirs on July 23, 1921, and that the NE¼ of NE¼ of Section 27 and S½ of SE¼ of Section 22, township 19 north, range 2 west, was allotted to the plaintiff, Mrs. Bertie Harris.

That prior to the expiration of the period of ten years in which the Dubach Lumber Company, Ltd., was given to cut the timber, and subsequent to the partition, the Dubach Lumber Company, Ltd., had approached the various parties to whom the lands had been allotted under the partition, and had secured from all of them, with the exception of plaintiff, extension of the time in which to cut the timber from the lands, and that the Dubach Lumber Company, Ltd., acting through its representative, had revised the list of contracts given to the Dubach Mill Company, Inc., making a notation on the list and on the memorandum of the J. S. and Bettie Roane contract "new deeds for this", consequently the Dubach Mill Company, Inc., did not change its map or maps, and when the time came to cut timber in the neighborhood of the lands covered by the contract between J. S. and Bettie Roane and the Dubach Lumber Company, Ltd., (which was in December, 1924) the employees of the Dubach Mill Company, Inc., went upon the S½ of SE¼ of Section 22 and were cutting a right of way thereon, when being informed that the land belonged to plaintiff they discontinued, but some time in January, 1925, they went upon the NE¼ of NE¼ of Section 27 and cut thereon 70,764 feet of timber, removing 39,658 feet when they were informed that the land belonged to plaintiff, when they ceased removing the timber, leaving on the ground 31,106 feet.

The defendant contends that it was in good faith and liable for only the stumpage value of the timber removed, basing its claim of good faith on the fact of the nota-

tion made on the list showing that a new deed had been acquired by the Dubach Lumber Company, Ltd., covering the property described in the contract between J. S. and Bettie Roane and Dubach Lumber Company, Ltd., which included the NE¼ of NE¼ of. Section 27, which had led it to believe it had the right to cut the timber.

Conceding that the defendant, Dubach Mill Company, Inc., was thus led to believe it had the right to cut the timber, we are of the opinion the position taken as to the extent of its liability for the timber cut and removed would have been tenable under the decision in Guarantee Trust & Safe Deposit Co. vs. E. C. Drew Investment Co. et al., 107 La. 251, insofar as the co-defendant Maguire was concerned, had it been shown that the Dubach Mill Company, Inc., purchased the timber from the Dubach Lumber Company, Ltd., but such is not the case. On the contrary we are of the opinion that the position of the defendant, Dubach Mill Company, Inc., having cut the timber under the instructions of the Dubach Lumber Company, Ltd., for the benefit of both, is the same as would have been the case had the timber been cut by the Dubach Lumber Company, Ltd., which would have been more nearly analogous to that of the defendant E. C. Drew in the case cited.

Considering the extent of the liability of the defendant from this point of view, it must be held that the Dubach Lumber Company, Ltd., knew when the contract between it and J. S. and Bettie Roane expired, and whatever may have been the subsequent impressions of its representatives as to the contract having been extended or new deeds obtained, the fact remains that the right to cut the timber had ceased to exist, and it would have been in legal bad faith had it cut the timber, and the same was the situation of the defendant.

However, it has been held that in measuring the damages due by a trespasser for cutting and removing timber, a distinction is made between legal and moral bad faith, and that the owner cannot recover for the value of the lumber manufactured from the timber taken without deduction for the cost of manufacture, unless the trespasser was in moral as well as legal bad faith. State vs. Williams Cypress Company, 131 La. 70, 58 South. 1033; Allen vs. Frank Janes Co., 142 La. 1058, 78 South. 115, and it is contended that the evidence fails to establish that defendant was in moral bad faith or that the trespass was knowingly and wilfully committed.

While moral bad faith, conscious guilt and wilful trespass may not be directly proven, when denied, and must be established by circumstantial evidence, we are of the opinion it must be established in order that the value of the lumber without deduction for cost of manufacture be fixed as the measure of damages as against a trespasser and that as against a corporation the circumstances must be such as to establish that the representative of the corporation who initiated the trespass by directing others was himself in moral bad faith, or was knowingly and wilfully directing or initiating the trespass.

The circumstances under which the trespass in the present instance was initiated did not lead the trial court to find that the trespass was knowingly and wilfully committed, and although it is not clear as to the cause of the representative of the Dubach Lumber Company, Ltd., having erroneously made the notation on the list of lands from which the Dubach Mill Company, Inc., the defendant, was given the right or instructed to cut the timber, the evidence not showing that the representative of the Dubach Lumber Company, Ltd., could have profited by the error we do not

think it may be presumed that he was in moral bad faith and impute such bad faith to his principal, the Dubach Lumber Company, Ltd., or the defendant.

In fixing the measure of damages at the value of the lumber manufactured from the timber illegally taken from property, without deduction for cost of manufacture, is in a manner allowing punitive damages, or an excess over the actual damage which the owner of the property has sustained by the trespass, and this measure will not be used where the evidence does not show moral bad faith or facts from which such bad faith should be presumed, and although the evidence in the present instance indicates that the Dubach Lumber Company, Ltd,, and the Dubach Mill Company, Inc., were negligent and careless in managing their affairs, insofar at least as to cutting timber, we do not think the evidence shows an intentional trespass or wilful intent to convert the property of the plaintiff to their own use.

The evidence shows that defendant manufactured 39,658 feet of lumber from the timber cut and removed from the property, and that it cut 31,106 feet of timber which was left upon the lands and which the evidence indicates that plaintiff cannot sell to other parties.

The evidence is somewhat conflicting as to the cost of manufacture and value of the lumber but we adopt the finding of the lower court as to these facts, making the difference between the value of the lumber and cost of manufacture six dollars per thousand feet, or two hundred and thirty-seven and 95-100 dollars.

As to the timber left on the land, we are of the opinion the plaintiff cannot recover on the basis of what would have been the difference between the cost of manufacture and value of the timber had it been manufactured into lumber by defendant, and we shall allow for this at the price of two and 50-100 dollars per thousand feet or seventy-two and 76-100 dollars.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that the plaintiff have and recover judgment against the defendant in the sum of three hundred and ten and 70-100 dollars with legal interest from judicial demand, and as amended the judgment appealed from be affirmed, plaintiff to pay the cost of appeal.