(36 South. 220.)

No. 14,966.

WARE v. COUVILLION.

(March 14, 1904.)

SALE—RESCISSION — LESION BEYOND MOIETY—
TENDER OF PRICE—CERTIORARI—PROCEDURE.

1. Where a plaintiff alleges that he has sold certain immovable property, the value of which is $1,500, for $200, and that the inequality of the price paid "renders the sale null and void," the fact that he also alleges that he made the sale by reason of error and ignorance of the value of the property, superinduced by misrepresentation on the part of the defendant, does not deprive the proceeding of its character as an action to rescind for lesion beyond moiety.

2. Tender of the price received is not a condition precedent to the bringing and maintenance of an action to rescind a sale for lesion beyond moiety.

3. Where a judgment is ordered up for review, under article 101 of the Constitution, at the instance of one of the parties to a cause, to correct a supposed error of which he complains, the opposing litigant, who has made no complaint and sought no remedy, cannot avail himself of the occasion to have such judgment amended for his benefit.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Third Circuit.

Action by James Ware against C. P. Couvillion. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant brings certiorari or writ of review. Dismissed.

Adolph J. Lafargue and William Harris Peterman, for applicant. Adolph Valery Coco, for respondent.

MONROE, J. Plaintiff brought suit to rescind a sale made by him to defendant of a tract of land containing about 75 acres, situated in the parish of Avoyelles. He sets forth his cause of action by means of the following allegations, to wit:

"The consideration of the sale was $200. Your petitioner avers that the true and real value of the said property was $1,500; * * * that he sold his said property for this inadequate consideration through error, and without knowledge of its real value, superinduced by the representation of the defendant that the same was swamp land, while in truth it was good, cultivable land, part of which was at the time improved and in cultivation. Petitioner avers that the inequality of the price paid as aforesaid renders said sale null and void." There was an exception of no cause of action, predicated upon the theory that the plaintiff was bound to allege a tender of the price received by him, and thereafter a general denial. The judge of the district court regarded the proceeding as an action to rescind for lesion beyond moiety, and held that no tender was required. On the merits he found that the property was worth more than double the amount that had been paid for it,

and, though he failed to find that the defendant had been guilty of any misrepresentation, he decided that he should within four months pay to the plaintiff the additional sum of $297.25, with legal interest from judicial demand, or return the property, upon the plaintiff's paying him $200, with like interest. The defendant appealed, and the judgment so rendered was affirmed by the Court of Appeal, whereupon, upon application of the defendant, the matter was brought before this court for review.

The contentions of the applicant are (1) that the allegations of error and misrepresentation are unnecessary to an action to rescind for lesion, and that, from their presence in the petition, it should be considered that the plaintiff intended to rely upon them as stating his cause of action; (2) that, in any event, an allegation of tender is necessary; and (3) that the evidence as to the value of the land is not sufficiently clear to sustain the judgment.

The first and second of these contentions are determined by the following provisions of the Civil Code, to wit: "Art. 1860. Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury is founded on its being the effect of implied error or imposition, for, in every commutative contract, equivalents are supposed to be given and received. Art. 1861. * * * (2) In sales of immovable property, the vendor may be relieved if the price given is less than half of the value of the thing sold." "Art. 2589. If the vendor has been aggrieved for more than half the value of an immovable by him sold, he has a right to demand a rescission of the sale. * * * Art. 2591. * * * The purchaser may either restore the thing, and take back the price which he has paid, or make up the just price, and keep the thing." "Art. 2598. The buyer is entitled to payment for ameliorations which he has effected, although they be merely for pleasure and convenience. Art. 2599. He may

remain in possession of the thing sold until the seller has restored the price which he has paid, together with his expenses."

The plaintiff has alleged that the price received was $200, and that the value of the thing sold was $1,500, thus bringing himself within the meaning of articles 1861 and 2589; and he has merely clinched the matter by alleging the existence of the conditions upon which, according to article 1860, the remedy which he is seeking is founded. The articles cited do not appear to us to contemplate a tender of the price by the vendor as a condition precedent to recovery, since the purchaser may elect to confirm the sale, in which event there would be nothing due by the vendor, or, should he elect to rescind, it may be that the vendor will have to pay for ameliorations, and the vendee to account for revenues, the value and amount of which can be ascertained only upon the trial of the case; and the lawmaker seems to have taken these matters into account, in providing that the purchaser may remain in possession of the thing sold until he is reimbursed the price, together with his expenses.

The evidence as to the value of the land makes it quite clear that it is worth more than twice $200, which is sufficient for the purposes of the case. The vendor's counsel, in his brief, asks that the judgment be amended by increasing the amount to be paid by the vendee in the event of his electing to confirm the sale. We cannot, however, recognize his right to seek relief in that way. When a judgment is ordered up for review, at the instance of one of the parties to a cause, to correct a supposed error of which he complains, we do not understand that the opposing litigant, who has made no complaint and sought no remedy, can avail himself of the occasion to have the judgment amended for his benefit.

For the reasons assigned, it is ordered, adjudged, and decreed that this proceeding be now dismissed at the cost of the applicant.