**162 So. 804**

**CRYER v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.**

**No. 33168.**

Feb. 4, 1935.

**On** Rehearing July 1, 1935.

J. N. Brittingham, Jr., J. I. McCain, and Herman L. Midlo, all of New Orleans, for relators.

Porteous, Johnson & Humphrey, of New Orleans, for respondent.

ROGERS, Justice.

Plaintiff as the beneficiary named in two industrial life insurance policies issued on the life of Reuben Cryer, sued the insurance company to recover $250, the amount called for by the policies. The suit was based on Act No. 193 of 1906, plaintiff claiming that under the statute she was entitled to have the accumulated reserves applied to the extended value of the policies, since the insured on their lapse for nonpayment of the premiums had not exercised his privilege of applying the reserves to other values.

The insurance company set up by way of defense that Act No. 193 of 1906 was unconstitutional; that the statute did not

apply to the business of industrial life insurance; and that under the stipulations of the policies plaintiff was entitled to their paid-up value, which was $32.40, which amount was tendered to plaintiff.

The First city court for the city of New Orleans, where the suit was filed, gave plaintiff a judgment for the full amount of the policies. The Court of Apppeal for the parish of Orleans maintained the constitutionality of Act No. 193 of 1906, but amended the judgment by reducing the amount thereof to $32.40. The case is now before us on plaintiff's application for a writ of review.

Since defendant did not apply for a writ of review nor join in plaintiff's application for the writ, there is no occasion for us to consider defendant's contention that Act No. 193 of 1906 is unconstitutional. Ware v. Couvillion, 112 La. 43, 36 So. 220; Black v. Louisiana Cent. Lumber Co., 161 La. 889, 109 So. 538; Foley v. National Life & Accident Insurance Company, Inc., 183 La. 49, 162 So. 798, this day decided. On the merits, the legal principles involved are identical with those involved in the case of Succession of Frank Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, this day decided.

For the reasons assigned in the Watson Case, the judgment of the Court of Appeal is annulled and the judgment of the First city court is reinstated and made the final judgment of this court; all costs of suit to be paid by the defendant insurance company.

HIGGINS, J., recused.

### On Rehearing.

BRUNOT, Justice.

The status of the plaintiff in this case is the same, and the issues presented are identical with those presented in the case of Charlotte Foley v. National Life & Accident Insurance Company, Inc., 183 La. 49, 162 So. 798, this day finally decided, and, for the reasons assigned in that case, the original opinion and decree herein are reinstated and made the final judgment of the court.

O'NIELL, Chief Justice, dissents for the reasons given in his dissenting opinion in Succession of Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790.

FOURNET, J., concurs.

HIGGINS, J., recused.