**162 So. 800**

**CRUMP v. METROPOLITAN LIFE INS. CO.**

No. 33166.

Feb. 4, 1935.

On Rehearing July 1, 1935.

James N. Brittingham, Jr., J. I. McCain, and Herman L. Midlo, all of New Orleans, for relator.

Spencer, Gidiere, Phelps & Dunbar and Louis B. Claverie, all of New Orleans, for respondent.

ROGERS, Justice.

Plaintiff sues on a policy of industrial life insurance. She alleges that on the death of the insured, who was her son, she was recognized as his sole heir and regularly placed in possession of his estate, including the right to the proceeds of the policy. She also alleges that under Act No. 193 of 1906, notwithstanding the nonpayment of premium, the policy was in force at the time of her son's death, because the reserve accumulated thereon resulted in extending the insurance beyond the date of the death of the insured.

The defendant admitted the issuance of the policy and the death of the insured, but excepted to plaintiff's right to sue in her individual capacity, because the policy provides for payment to the executor or administrator of the insured. Defendant also set up, alternatively, the same defenses which it set up in the suit of Succession of Frank Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, this day decided.

The First city court for the city of New Orleans rendered judgment in plaintiff's favor for $237, the full amount of the policy. The Court of Appeal, maintaining defendant's exception that plaintiff was without a right of action, reversed the judgment and dismissed plaintiff's suit. The case is here on a writ of review.

■ It cannot be disputed that the proceeds of the life insurance policy involved here, which are not payable to a designated beneficiary, compose the insured's entire estate, and inure to the benefit of his legal heir, even though they would not be available for the payment of his debts, if he owed any debts, which he did not. Succession of Dumestre, 174 La. 482, 141 So. 35.

The heir who accepts is considered as having succeeded to the deceased from the moment of his death. Civ. Code, art. 947. He is of full right in place of the deceased for his rights as well as for his remedies. Civ. Code, art. 945.

It has been the practice in this state for many years to recognize heirs and by formal judgments to put them in possession of the successions to which they succeed. And the courts have repeatedly acknowledged the effect and admitted the validity of such judgments.

No question is made of plaintiff's heirship. From the time the judgment was signed recognizing her as the sole heir of her deceased son and sending her into possession as such, there was no succession to administer. No administration should be ordered in a succession which owes no debts and the heir of which has accepted unconditionally. Guillory v. Latour, 138 La. 142, 70 So. 66. Having accepted unconditionally, plaintiff represents the deceased both as to his rights and as to his obligations. An administration would only result in delay and expense in settling the insured's succession and would not effect more than can be effected by plaintiff as his heir in the matter of collecting and receipt-

ing for the proceeds of the life insurance policy. The insurance company would pay the administrator and the administrator would pay plaintiff. The same result can be attained more quickly, just as effectively, and with less expense and inconvenience by the company making the payment direct to the plaintiff herself.

But defendant contends that under the terms of the insurance contract the proceeds of the policy must be paid to the insured's administrator and not to his heir; that the administrator and not the heir is the only person who can maintain the action on the policy. Defendant cites some decisions from common-law states which seem to support-its contention. Defendant also cites as supporting its contention decisions of the United States Supreme Court, and other federal courts, and Penny v. New Orleans G. N. R. Co., 135 La. 962, 66 So. 313, a decision of the Supreme Court of this state based on the federal decisions, holding that under the Federal Employers' Liability Act (45 USCA §§ 51–59) the right of action is in the personal representative and not in the beneficiary of the deceased employee. The Court of Appeal found the same analogy as found by the defendant between cases arising under the Federal Employers' Liability Act and cases arising on life insurance contracts payable to the insured's administrator or executor. And the Court of Appeal seems to have reached the conclusion that the analogy thus found was decisive of the question presented.

In none of the cases relied on by defendant had the insured's heir been recognized as such and been put in possession of the proceeds of the insurance policy by a formal judgment of a competent court. As a matter of fact, no such practice, as we understand it, prevails in the common-law states. So far as concerns the Federal Employers' Liability Act, the action thereunder is purely statutory, as all the decisions hold. Without the statutory provisions no action whatever would lie, and, hence, those provisions must be closely followed.

It is true, the terms of the insurance contract constitutes the law between the parties, but we can see nothing subversive of the parties' legal rights in permitting the payment of the proceeds of the policy, which admittedly form a part, in this instance it composes the whole, of the insured's succession. In such a case, the succession would be as properly represented by the insured's judicially recognized legal heir as it would be by his judicially recognized administrator. This court has so held. In Pratt v. Manhattan Life Insurance Company, 47 La. Ann. 855, 17 So. 341, it was decided, as shown by the syllabus, that: "The mere fact that a policy has been made 'payable to the assured, his executors, administrators, or assigns,' does not authorize an insurance company to insist that the succession of the deceased policy holder should be placed in the hands of an administrator, in order to make payment to him, when the heirs have been placed in possession by order of court, un-

less special circumstances are shown, which would make a payment to the heirs dangerous." At page 858 of 47 La. Ann., 17 So. 341, 342, the court said: "We find no force in the position taken by the defendant that by virtue of its 'contracts' it had the right to insist that the succession of Dr. Logan should have been placed in charge of an administrator in order that payment should be made to him alone."

Defendant argues that the decision in the Pratt Case is not appropriate here, because there the policies were payable to the "assured, his executors, administrators or assigns." But in that case as in this case the assured was dead. The insurance contracts made no provision for payment to be made to his heirs. The word "assured" could just as well have been left out of the policies, because, manifestly, if he were dead no payment could be made to him. As shown in the statement appearing in the beginning of the opinion in the Pratt Case the declaration in each of the policies involved there was as follows, viz.: "The company promised and agreed to and with the assured, his executors, administrators, or assigns, well and truly to pay, or to cause to be paid, to the said assured, his executors, administrators or assigns, within ninety days after due notice and satisfactory evidence of the death of said Samuel Logan [the assured], and proof of the just claim of the assured under this policy."

The stipulation that the policies were payable only on proof of the death of the assured and of his just claim under the policies, taken in connection with the stipulation that the payments were to be paid to the assured (who obviously could not receive them because of his death), his executors, administrators, or assigns, could only mean that the proceeds of the policies were payable to the insured's administrators, executors, or assigns. The result is the same as is presented in this case.

In passing upon defendant's contention in the Pratt Case, that the insured's heirs were not entitled to maintain the action on the policies, this court at page 859 of 47 La. Ann., 17 So. 341, 343, remarked as follows, viz.: "If defendant's legal position be correct, then the debtor upon any claim whatever would have the right equally with the defendant to force the succession to which the debt should be due into the hands of an administrator for the purpose of receiving payment. Any debtor would be entitled to the same 'absolute protection' against contingencies which the defendant would have, and therefore a succession without debts, with assets amounting to hundreds of thousands of dollars, would have to be subjected to administrator's commissions, advertisements, court charges, and the other expenses necessarily incidental to the placing of an estate under administration, simply to satisfy the groundless fear of a debtor owing the estate a hundred dollars."

The Pratt Case is at least persuasive, if it is not conclusive, of the issue involved in this case. As stated in that case: "All

that defendant can ask is that it be protected against a double payment." Nothing is shown in the record which weakens the effect of the judgment of the district court recognizing plaintiff as the sole heir of the insured and, as such, putting her in possession of the proceeds of the insurance policy for which she sues in this case. On the facts of this case, we find nothing to warrant defendant's withholding from plaintiff those proceeds.

The case on the merits presents the same legal questions involved in the case of Succession of Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, this day decided.

For the reasons assigned in that case as well as for the reasons assigned in this case, the judgment of the Court of Appeal is annulled and the judgment of the First city court is reinstated and made the final judgment of this court; all costs of suit are to be paid by the defendant insurance company.

HIGGINS, J., recused.

On Rehearing.

BRUNOT, Justice.

The status of the plaintiff in this case is the same, and the issues presented are identical with those presented in the case of Charlotte Foley v. National Life & Accident Insurance Company, Inc., 183 La. 49, 162 So. 798, this day finally decided, and, for the reasons assigned in that case, the

original opinion and decree herein are reinstated and made the final judgment of the court.

O'NIELL, Chief Justice, dissents for the reasons given in his dissenting opinion in Succession of Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790.

FOURNET, J., concurs.

HIGGINS, J., recused.