162 So. 798

## FOLEY v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.

### No. 33173.

Feb. 4, 1935.

On Rehearing July 1, 1935. .

James N. Brittingham, Jr., J. I. McCain, and Herman L. Midlo, all of New Orleans, for relator.

Porteous, Johnson & Humphrey, of New Orleans, for respondent.

ROGERS, Justice.

Plaintiff as the beneficiary in an industrial life insurance policy issued by the defendant on the life of Victor Moore sued to recover the death benefit of $70. Premiums had been paid on the policy for more than seven years and the policy had

lapsed six months prior to the insured's death. The policy had accumulated a reserve, and plaintiff, grounding her action on Act No. 193 of 1906, sued for the full amount of the policy, alleging that at the time the policy lapsed the insured had not exercised the privilege of applying the reserve to other values. The defendant admitted that if the policy when it lapsed was affected with extended insurance, the insured died within the extended period, but contended that Act No. 193 of 1906 was unconstitutional and that, if constitutional, the statute was not applicable to industrial life insurance; and, further, that, if it were applicable to such insurance, the plaintiff was only entitled to $16.10, the paid-up value of the policy, which was tendered to plaintiff.

The First city court for the city of New Orleans in which the suit was filed, gave plaintiff a judgment for the amount sued for. The Court of Appeal held that Act No. 193 of 1906 was constitutional, but it reduced the judgment of the First city court to $16.10. The case comes before us on a writ of review issued at plaintiff's instance.

We are not called upon in this proceeding to review that part of the decision of the Court of Appeal which holds that Act No. 193 of 1906 is constitutional. That question is not before us. The writ of review was issued at the instance of plaintiff only. The defendant did not apply for a writ of review or join in plain-

tiff's application for the writ. In reviewing a judgment of the Court of Appeal at the instance of one of the parties to the suit, this court will not amend the judgment to his prejudice and to the advantage of the party who has not complained. Ware v. Couvillion, 112 La. 43, 36 So. 220; Black v. Louisiana Cent. Lumber Co., 161 La. 889, 109 So. 538.

The only questions before us for decision are the same ones we disposed of in the case of Succession of Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, this day decided.

For the reasons assigned by us in that case, the judgment of the Court of Appeal is annulled, and the judgment of the First city court is reinstated and made the final judgment of this court; all costs of suit are to be paid by the defendant insurance company.

HIGGINS, J., recused.

On Rehearing.

BRUNOT, Justice.

The plaintiff in this case is the beneficiary named in the policy sued upon. In addition to the defenses urged in Succession of Frank Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, which is finally decided this day, the defendant pleaded the unconstitutionality of Act No. 193 of 1906.

For the reasons assigned in our original opinion in this case, it is apparent

that the pleaded unconstitutionality of the act, although the plea was overruled by the Court of Appeal, is not before us, and, therefore, is not reviewable by this court, in this proceeding.

All other issues in the case are disposed of by the opinion and decree in Succession of Frank Watson v. Metropolitan Life Ins. Co., mentioned supra.

For the reasons assigned in the original opinion in this case and in Succession of Frank Watson v. Metropolitan Life Insurance Company, the original opinion and decree herein are reinstated and made the final judgment of the court.