ROGERS, Justice.
 

 On December 15, 1924, the defendant company issued an industrial life insurance policy on the life of Walter Williams. The amount of the policy was $105, and the beneficiary named therein was Erline Williams, the insured’s wife. The policy lapsed for the nonpayment of premium on November 2, 1931. The insured died on December 7, 1932. This suit was filed by the beneficiary in the First city court for the city of New Orleans to recover the full amount of the policy. The defense of the insurance company was threefold, viz., unconstitutionality and the inapplicability of the statute, and that under the terms of the • policy plaintiff was entitled only to $16.10, its paid-up value, which was tendered.
 

 The court of first instance gave plaintiff a judgment for the full amount of the policy. The Court of Appeal upheld the constitutionality of Act No. 193 of 1906, but amended the judgment by reducing the amount thereof to $16.10. At plaintiff’s instance, we issued a writ of review.-
 

 Defendant’s plea that Act No. 193 of 1906 is unconstitutional is not properly before us. Foley v. National Life & Accident Insurance Company, Inc., 183 La. 49, 162 So. 798, this day decided. For the rest, the legal questions involved here cannot be differentiated from those which we disposed of in the case of the Succession of Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, this day decided.
 

 For the reasons assigned in the Watson Case, the judgment of the Court of Appeal is annulled and the judgment of the First city court is reinstated and made the final judgment of this court; the defendant insurance company to pay all costs of suit.