**TOLES v. METROPOLITAN LIFE INS. CO.***

No. 16246.

Court of Appeal, of Louisiana.   Orleans.

Feb. 24, 1936.

*Rehearing denied March 9, 1936.   Writ of error refused April 27, 1936.

Charles J. Mundy, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar and Wood Brown, all of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a policy of industrial insurance alleged to have been issued on the life of Andrew Toles. The plaintiff, Maxie Toles, without alleging that she was named beneficiary in the policy, or even that there was no other such beneficiary named, claims the proceeds, alleging that she is "the sole legal heir of the insured. * * *" Defendant corporation, by exception of no right of action, challenges the right of plaintiff to claim, as heir, the proceeds of the policy. This exception is based on two contentions: First, it is argued that an heir of an insured cannot claim the proceeds of a life insurance policy without alleging and showing that there is no beneficiary designated in the policy; and, second, it is maintained that, even where a sole legal heir, because of the absence of a named beneficiary, may claim the proceeds of such a policy, there must first be obtained from a probate court with jurisdiction over the succession proceedings of the deceased a judgment recognizing the said claimant as sole heir and sending such heir into possession of the estate of the deceased.

In the court a qua the exception was sustained, and plaintiff has appealed from a judgment dismissing her suit.

■ We consider first the contention that, because of the failure of plaintiff to allege that there is no beneficiary named in the policy, she has not alleged a cause of action in herself as heir. Assuming for the moment that an heir, as such, without first obtaining a judgment of possession, may claim the proceeds of a policy payable to the estate of the insured, or payable to his executor or administrator, we are still nevertheless confronted here by the fact that there is no allegation showing that the policy in this case is so payable. The duty is on the plaintiff in every case to allege and show facts which entitle that plaintiff to recovery. It is necessary that an heir allege not only heirship, but also facts which, by reason of that heirship, authorize recovery. If there is a designated beneficiary, then the heir has no right of action, because the estate of the deceased is in no way interested in a policy payable to a named beneficiary. It becomes apparent, then, that before an heir can make claim to the proceeds of a policy, even assuming that the other objection which we find presented may be overcome, that heir must allege that the policy is payable to the estate, or to the executor or administrator of the insured.

■ This objection, however, is directed solely at the omission of allegations which possibly may be made, and therefore does not necessarily require the dismissal of the suit.

■ We, therefore, next consider the more serious contention: That an heir who desires to claim the proceeds of such a policy must first obtain from a probate court with jurisdiction of the estate of the deceased a judgment recognizing such heir and sending him or her into possession.

Plaintiff asserts that it is not necessary that there be an allegation to the effect that she has been recognized as the sole legal heir and she points to Hicks v. District Grand Lodge, etc. (La.App.) 158 So. 386, 387, as sustaining her contention on this point. There we said: "Since the question arises on exception of no right of action, we must, in considering the exception, assume that the facts alleged by the intervention are susceptible of proof. We thus assume that Henry J. Odom can produce proof to show that he is the sole heir of Washington Odom."

But there was not presented there the contention which is made here. In that case it was argued that the heir could not make claim directly at all, but must first prevail upon the succession representative to collect the proceeds, which, after they had come into the hands of such represen-

tative, might then be claimed by the heir. We held that in such case an heir may make claim directly and need not proceed through the succession representative. We said: "We have devoted much thought to the question whether in such case as we find here the claim should be made by the succession representative and the heir relegated to a claim against the succession after recovery of the fund by the said succession representative."

Our conclusion was: That if the heir is a person included within those persons specified in the rules of the association and permitted by Act No. 256 of 1912, as amended by Act No. 287 of 1914, to receive the proceeds, then claim may be made directly against the association."

In other words, we reached the conclusion arrived at by the Supreme Court one month later in the matter of Crump v. Metropolitan Life Ins. Co., 183 La. 55, 162 So. 800, in which that court held that it was not necessary that an administration of the estate be resorted to, but that the heir, having been recognized as such by a judgment of court, might proceed against the insurance company under such a policy. We did not intend to hold in the Hicks Case and, in fact, did not hold, that the allegation of heirship should be considered as sufficient to present a cause of action if the question of whether or not the heir has obtained a judgment of possession is properly raised. So far as a defendant insurer is concerned, the proceeds of a policy may be paid only to a beneficiary, a succession representative properly qualified, or to a duly recognized heir. Should an insurance company undertake to determine for itself just who is the heir, it would do so at its peril. Likewise, should it make payment to a person claiming as heir but not recognized by a judgment of a court, such payment would not afford protection against some one else who might later claim and who might have been sent into possession by a judgment of a competent court. Such a judgment of a probate court having jurisdiction over the estate of the deceased, and only such a judgment, would afford complete protection. Therefore such a judgment may be demanded as an essential prerequisite to a suit of this kind.

In Succession of Brierre, 19 La.App. 400, 135 So. 762, we discussed the question of the protection afforded a depositary by a judgment of court recognizing the proper person or succession representative, and in Succession of Brierre, 174 La. 314, 140 So. 488, the Supreme Court affirmed the decree rendered by us and discussed the matter further.

Of course, if there must be such a judgment of possession before the heir may claim the proceeds of such a policy, then there must be an allegation that such a judgment has been rendered. If there must be such an allegation, then a petition which does not contain such an allegation does not state a right of action in the person making the claim.

■ That in certain other cases insurers have seen fit to take advantage of Act No. 123 of 1922 by depositing the proceeds of such a policy in court and by citing all rival claimants to come forward and assert their rights, is beside the point. Where there are such rival claimants, such deposit may be made if the stakeholder or depositary believes that all claimants are known. But there is nothing in that statute which requires that such deposit be made and, where there is but one claimant, the depositary or stakeholder would not be protected against other possible claimants by merely depositing the fund and citing the one claimant to assert his or her right. Protection may be obtained only by requiring the claimant to first qualify in the proper court.

The contention that the qualification in the probate court will require the unnecessary expenditure of money cannot be considered. If the qualification is necessary, then it must be obtained.

■ We conclude that, for both of the reasons set forth, plaintiff's petition does not set forth a right of action in her to present this claim. But, in view of the fact that the absence of the necessary allegations here may result from mere omission to make the allegations and not from the fact that the necessary allegations may not be made, we have concluded to remand the matter in order that in the court below plaintiff may be afforded an opportunity to make the necessary amendments and to produce the necessary proof that the policy is payable to the estate of the deceased and that she is the sole legal heir of the deceased, duly qualified and recognized as such.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that the matter be remanded to the

First city court of New Orleans for further proceedings according to law, and not inconsistent with the views herein expressed. Appellant to pay all costs.

Reversed.