173 So. 112

ARDOIN et al. v. GREAT SOUTHERN
LIFE INS. CO.

No. 33939.

Feb. 1, 1937.

Rehearing Denied March 1, 1937.

Boagni & Boagni, of Opelousas, and Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Roland B. Reed, of Ville Platte, for appellees.

PONDER, Justice.

This is an appeal from a judgment in favor of Mrs. Lizo Brignac Ardoin for $5,000 as beneficiary; and in favor of Mrs. Lizo Brignac Ardoin as surviving widow and Mrs. Helen Ardoin Eastin as sole heir of Guillaume Ardoin, deceased, for the sum of $1,460.

The deceased was insured in the San Jacinto Life Insurance Company, Beaumont, Tex., for the sum of $5,000, which is assumed by the defendant herein. The suit is based on the provisions in "Table B" of the policy. Table B reads as follows:

"If coupons are not detached and used to reduce the premiums hereon or other-

wise surrendered, the following table of values will apply.

paid-up insurance value of the Policy will equal its face value after 14 years' premiums

| Column 1 Cash or Loan Values | | Column 2 Automatic Extended Insurance | | Column 3 Paid-up Insurance And Cash balance | |
|---|---|---|---|---|---|
| Years | Prems. Paid | Years | Months | Insurance | Cash |
| 2 | $ 120 | 2 | 0 | $ 285 | None |
| 3 | 300 | 4 | 9 | 680 | None |
| 4 | 495 | 7 | 5 | 1,100 | None |
| 5 | 735 | 10 | 6 | 1,595 | None |
| 6 | 935 | 12 | 6 | 1,985 | None |
| 7 | 1,145 | 14 | 6 | 2,375 | None |
| 8 | 1,360 | 16 | 3 | 2,755 | None |
| 9 | 1,590 | 18 | 0 | 3,150 | None |
| 10 | 1,825 | 19 | 10 | 3,535 | None |
| 11 | 2,070 | 21 | 9 | 3,920 | None |
| 12 | 2,330 | 24 | 2 | 4,320 | None |
| 13 | 2,600 | 27 | 10 | 4,715 | None |
| 14 | 2,885 | Paid Up | | 5,000 | $ 75 |
| 15 | 3,185 | Paid Up | | 5,000 | 305 |
| 16 | 3,505 | Paid Up | | 5,000 | 565 |
| 17 | 3,840 | Paid Up | | 5,000 | 840 |
| 18 | 4,200 | Paid Up | | 5,000 | 1,140 |
| 19 | 4,585 | Paid Up | | 5,000 | 1,460 |
| 20 | 5,000 | Paid Up | | 5,000 | 1,815 |

"Any unpaid indebtedness on account of this Policy, will correspondingly decrease the Values of the above Tables."

And the provision in the policy "guaranteed premium reduction coupons" Option No. 2, which reads as follows:

"Option 2. The Insured at his option may leave the coupons attached to this Policy and pay the premiums in full each year, in which event, the amounts named in the unused coupons will be applied as Pure Endowment Additions to increase the value of the value of 'Table A,' to those named in 'Table B' of Table of Loan and Non-Forfeiture Values endorsed herein, whereby the shall have been paid or the Policy will mature as an endowment for its face value at the end of twenty years."

The court rendered judgment for the $5,000 and $1,460, representing paid-up insurance and cash balance as shown in Table B. The annual premium on the said insurance was $236.55. Attached to the policy are nineteen coupons, ranging in amount from $30.95 to $73.05, one of which reads as follows:

"Coupons Attached to Policy

"No. 1.　　　On or after Feb. 5, 1918

"Upon surrender of this coupon during the

life time of the Insured, San Jacinto Insurance Company, Beaumont, Texas, will pay to the order of the Insured under Policy No. 1555 the sum of thirty and 95/100 dollars.

"Provided all premiums due on said policy up to and including above date have been paid. Payable at its Home Office.
"$30.95          J. C. Wilson, President"

A purported tender was made for $5,000 in this case. The plaintiffs were sent into possession by judgment of court as surviving widow and sole heir of the insured. The defendant filed an exception of no cause of action which was overruled by the lower court. The exception was leveled at the plaintiffs' right to sue. The evidence showed that the succession owed no debts.

■ We first take up the exception of no cause of action. The lower court was correct in overruling that exception, that matter having been decided in the case of Crump v. Metropolitan Life Insurance Company, 183 La. 55, 162 So. 800. The court going thoroughly into the identical question decided there was no necessity for an administrator to be appointed; and when the heirs had accepted unconditionally the estate, and were sent into possession by judgment of court, they could institute suit. We are of the opinion that the judgment of the lower court is correct.

Upon examination of Table B and Option 2, together with the coupons attached, it is clear that at the time of the death of the deceased, he, having paid nineteen premiums, had a paid-up insurance policy for the sum of $5,000 and a cash balance of $1,460 to his credit.

The defendant admits that after the paying of the fourteen annual premiums and leaving the coupons attached, under the expressed terms of Table B, the insured would be entitled to a $5,000 paid-up policy, which at his death would be worth $5,000; and yet contends, had he paid five more annual premiums after said fourteen years and left five more coupons attached to the insurance policy, and then died, it is still worth only $5,000. Such a construction would be ridiculous. The annual premiums on this policy are $236.55; and five of such premiums would total $1,182.75; and the five additional coupons (if not collected) added to the five premiums would make a total of $1,524.70. If the contention on the part of the defendant—that, after the deceased left this additional amount of $1,524.70 with the insurance company, his heirs are still only entitled to $5,000 of insurance— were true, it would certainly be a strange contract.

■ "The law of insurance is universal, and our courts have decided that an insurance policy is a common law contract, and that having been written and prepared by the insurance company every doubtful clause is construed against such company." La. Dig.Ins. 33, par. 34, and authorities therein cited.

This matter was thoroughly gone into and numerous cases cited in the case of Volunteer Life Insurance Company v. Weaver, 232 Ala. 224, 167 So. 268, the court saying that it "must give effect to all provisions of insurance policy, liberally construed in insured's favor and strictly against insurer," and further stating that "where insurance contract is susceptible of two con-

structions, that favorable to insured will be adopted."

In ·conclusion, our opinion is that Table B was put into the policy as an inducement to the insured to leave the money represented by the coupons (which were in fact dividends) ; and it is only reasonable to conclude that an insured would do so only upon obtaining a more favorable or valuable contract of insurance.

In reference to plaintiffs' motion for statutory damages (Code Prac. art. 907), after examining the testimony in this case carefully, the provisions of the policy, and the contention of the parties, we are of the opinion that the appeal is a frivolous one and that the judgment of the lower court should be amended by allowing the plaintiff 10 per cent. statutory damages.

Therefore, it is ordered that there be judgment in favor of the plaintiffs and against the defendant increasing the amounts sued for respectively 10 per cent. As amended the judgment is affirmed, the defendant to pay all costs.