**CHERRY'S SUCCESSION v. METROPOLITAN LIFE INS. CO. (FRENCH et al., Interveners).**

**No. 16237.**

Court of Appeal of Louisiana. Orleans.

Nov. 2, 1937.

Harold J. Moore, of New Orleans, for appellants.

Jas. N. Brittingham, Jr., of New Orleans, for Public Administrator.

Spencer, Gidiere, Phelps & Dunbar and Louis B. Claverie, all of New Orleans, for Metropolitan Ins. Co.

JANVIER, Judge.

On February 19, 1927, Wm. L. Cherry, domiciled in this state, died in Dallas, Tex. On November 10, 1930, no one having taken steps looking to the administration of Cherry's estate, Albert W. Newlin, public administrator, obtained appointment as administrator of the said estate. On January 21, 1931, the said administrator brought this suit against Metropolitan Life Insurance Company for the proceeds of a policy of life insurance bearing on the life of Cherry and payable at his death to the administrator of his estate. On February 18, 1935, the suit not yet having been finally determined, Lydia E. Waltman, widow by first marriage of the said Cherry and now the wife of Brewster A. French, together with Wm. L. Cherry, son of the said Cherry, intervened, praying for citation on the said administrator and on the said insurer, Metropolitan Life Insurance Company, and for judgment against the said insurer for the proceeds of the policy. To this petition of intervention both the administrator and the insurer filed exceptions of no right or cause of action. These exceptions were sustained below, and plaintiffs have appealed from a judgment dismissing their intervention.

The policy in question is not payable to a designated beneficiary, but to the administrator of the estate. Therefore, interveners, whatever may be their rights to the proceeds of the policy after the said proceeds shall have been collected by the administrator of the estate, have set forth no right of action in themselves as against the insurer, since they have not alleged that they have been recognized by judgment of court as the heirs of Cherry, and since they have not been sent into possession of his estate. This was decided in Toles v. Metropolitan Life Ins. Co. (La.App.) 166 So. 172.

So far as the attempt to supersede the public administrator as administrator of this estate is concerned, there is no legal right in interveners to seek that redress in this proceeding. It appears that the public administrator has been duly qualified as administrator of this estate, and that the court in which the appointment was made was vested with jurisdiction. Therefore, until the administrator is removed or replaced in the succession proceeding, his right to act here must be recognized. We cannot sanc-

**646**

tion such a collateral attack. In Succession of Sullivan, 175 La. 813, 144 So. 505, the court said: "The reports are full of decisions to the effect that an administrator's letters of administration are prima facie evidence of his authority, and of the validity and regularity of his appointment which cannot be questioned in a collateral proceeding."

In the syllabus of Morgan v. Locke, 28 La.Ann. 806, appears the following: "Vaughn's appointment as public administrator was made by a court of competent jurisdiction. The validity of his appointment can not be inquired into collaterally."

In Flanagan v. Land Development Company of La., Ltd., 145 La. 843, 83 So. 39, 41, the Supreme Court said: "Having found that the lower court had the jurisdiction to appoint the administrator, and later the executor, defendant's other exceptions must fall for the reason that they cannot be urged in this collateral manner."

See, also, Hogan v. Thompson, 2 La. Ann. 538, and Duson v. Dupré, 32 La. Ann. 896.

Since appellants are without right to maintain against the insurer a direct action for the proceeds of the policy, and since they may not attack collaterally the appointment of the administrator, the judgment appealed from is correct, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellants.

Affirmed.