## CONOWAY v. UNITY INDUSTRIAL LIFE INS. CO., Inc.

### No. 17422.

Court of Appeal of Louisiana. · Orleans.

Dec. 16, 1940.

Rehearing Denied Jan. 13, 1941.

Writ of Certiorari Denied March 3, 1941.

Chas. J. Mundy, of New Orleans, for appellant.

Normann & Rouchell, of New Orleans, for appellee.

JANVIER, Judge.

Cecile Conoway, appearing as the tutrix of Celina, Bertha, Duretta, Ibetta and Alfred Ankrum, sues defendant, Unity Industrial Life Insurance Company, on two policies of industrial life insurance, one on the life of Bertha Ankrum and the other on the life of Mabel Ankrum. She avers that both the said insured persons have died and that the designated beneficiary of each died before the respective insured persons and that, therefore, the proceeds of each policy became payable to the estate of the insured; that the five named minors are heirs of both of the said insured persons and that, therefore, she, as tutrix of the said minors, is entitled to recover the amounts due under the two policies.

Defendant, as required by the procedure of the First City Court of New Orleans, filed at one time an exception of no right of action, a plea of prescription and an answer. The exception of no right of action was maintained, but plaintiff was given fifteen days within which to amend the petition. She refused to do so and, accordingly, her suit was dismissed. She has appealed and maintains that her petition sets forth a right of action in her as tutrix of the minors, but she also

asserts that, should we conclude that her allegations do not set forth this right because of her having failed to allege either that the minors, have, by a court of competent jurisdiction, been sent into possession of the estates of the two deceased persons, or that she, as tutrix, has been judicially recognized as administratrix of the estates of the two deceased persons, then we should remand the matter and permit her to amend her petition so as to show the said recognition of heirship, or of her status as administratrix, after she shall have taken the necessary proceedings to secure such recognition.

We find it unnecessary to consider any part of the controversy other than that raised by the exception of no right of action. Assuming that, though the two policies had lapsed, there had accumulated under each, as alleged, a sufficient reserve value to carry it in full force beyond the date of the death of the insured, we find the following other allegations in the petition:

Petitioner, Cecile Conoway, has been recognized by the Twenty-Fourth Judicial District Court for the Parish of Jefferson as the dative tutrix of the minors already mentioned. Defendant company issued to Bertha Ankrum a policy of insurance, which was in full force at the time of her death and which now has a value of $76.95. In the said policy "A. Antrum" was designated as beneficiary. The said "A. Antrum" died before the insured. Defendant company also issued to Mabel Ankrum a policy of insurance, which was in full force at the time of her death and which now has a value of $71.55. In this policy Bertha Ankrum was designated beneficiary. She also died before the death of the insured.

It is also alleged that the five named minors are heirs of both insured persons and that, as such, they are entitled to the proceeds of the two policies. It is not alleged that the succession of either of the said persons has been judicially opened, nor that the said minors have ever been judicially recognized as heirs or ordered sent into possession. Nor is it alleged that petitioner has been judicially recognized as administratrix of either of the estates.

There is only one question presented by the exception—that, of course, one of law: May the tutrix of minor heirs, who have not been judicially sent into possession of the estate of a deceased insured and which tutrix has not been judicially recognized as administratrix, claim the proceeds of a policy of insurance on the life of the insured where the designated beneficiary died prior to the death of the insured?

That a major heir, unless judicially sent into possession, has no such right, was held by us in Toles v. Metropolitan Life Insurance Company, 166 So. 172, 173. There plaintiff, a major heir, "without alleging that she was named beneficiary in the policy", or that she had been judicially sent into possession, and merely on the allegation that she was "the sole legal heir of the insured * * *", claimed the proceeds of a policy of life insurance. We held that, since there was no allegation showing a judgment of possession, the petition set forth no right of action. We said:

"So far as a defendant insurer is concerned, the proceeds of a policy may be paid only to a beneficiary, a succession representative properly qualified, or to a duly recognized heir. Should an insurance company undertake to determine for itself just who is the heir, it would do so at its peril. Likewise, should it make payment to a person claiming as heir but not recognized by a judgment of a court, such payment would not afford protection against some one else who might later claim and who might have been sent into possession by a judgment of a competent court. Such a judgment of a probate court having jurisdiction over the estate of the deceased, and only such a judgment, would afford complete protection. Therefore such a judgment may be demanded as an essential prerequisite to a suit of this kind.

* * *

"Of course, if there must be such a judgment of possession before the heir may claim the proceeds of such a policy, then there must be an allegation that such a judgment has been rendered. If there must be such an allegation, then a petition which does not contain such an allegation does not state a right of action in the person making the claim."

The Supreme Court refused to grant a writ of certiorari.

In Cherry's Succession v. Metropolitan Life Insurance Company, 176 So. 645, the same question was again presented, and we said: "The policy in question is not payable to a designated beneficiary, but to the administrator of the estate. Therefore,

interveners, whatever may be their rights to the proceeds of the policy after the said proceeds shall have been collected by the administrator of the estate, have set forth no right of action in themselves as against the insurer, since they have not alleged that they have been recognized by judgment of court as the heirs of Cherry, and since they have not been sent into possession of his estate. This was decided in Toles v. Metropolitan Life Ins. Co., La. App., 166 So. 172."

See, also, Telotte v. Metropolitan Life Insurance Company, La.App., 179 So. 616.

In Crump v. Metropolitan Life Insurance Company, 183 La. 55, 162 So. 800, 801, it was contended that an heir sent into possession by judgment of a competent court could not, in her individual capacity, sue to recover the proceeds of a policy of life insurance payable to the executor or to the administrator of the estate of the deceased insured. While the Supreme Court held that no administration was necessary and that the heir had the right to a direct action against the insurer, it said that that right resulted not from the fact of heirship but from the recognition of that right evidenced by a judgment of possession issued by a court of competent jurisdiction: "* *. * From the time the judgment was signed recognizing her as the sole heir of her deceased son and sending her into possession as such, there was no succession to administer. No administration should be ordered in a succession which owes no debts and the heir of which has accepted unconditionally."

In Ardoin v. Great Southern Life Insurance Company, 186 La. 583, 173 So. 112, 114, the Supreme Court again upheld the right of heirs to bring a direct action on such a policy, but again said that, where the heirs "were sent into possession by judgment of court, they could institute suit".

In each of these cases there was considered the question of the protection afforded to the insurer by the payment and in each, though it was held that payment to the recognized heir would afford such protection, it was shown that this would not result from the direct payment to one not recognized as heir because there would always exist in other heirs the right to prove heirship in a court of competent jurisdiction. Even could the insurer contest collaterally here the question of the heirship of the five minors, no protection would be afforded it should someone later, in succession proceedings, establish heirship to either or both of the insured persons whose policies have produced the funds now in contest.

Lest Dorsey v. Metropolitan Life Insurance Company, La.App., 145 So. 304, be looked upon as evidencing a contrary view on our part, let us say that there no point was made of the failure of the tutrix to allege that the minor heir, whom she represented, had been formally sent into possession. The allegation was that the minor was the legal heir and, in the absence of a challenge, we felt that that might be interpreted as an allegation that that heirship had been judicially recognized.

In Hicks v. District Grand Lodge No 21, Grand U.O.O.F. of Louisiana et al., La. App., 158 So. 386, there was the same failure to allege that there had been a judgment of possession, but, as in the Dorsey case, supra, this failure was not made the ground of attack, and we, therefore, treated the allegation of legal heirship as tantamount to an allegation of judicial recognition of that heirship.

Later, in the Toles case, supra, we discussed this feature of the Hicks case and said: "* * * We did not intend to hold in the Hicks case and, in fact, did not hold, that the allegation of heirship should be considered as sufficient to present a cause of action if the question of whether or not the heir has obtained a judgment of possession is properly raised."

If, then, in the case of a major heir, the mere fact of heirship is not sufficient to entitle the heir, without having been first judicially recognized and sent into possession, to claim the proceeds of a policy, is there anything about a tutorship which entitles the tutor to claim, on behalf of the minor, the proceeds of a policy unless the minor he represents has first been recognized and sent into possession? Surely, as the representative of the minor, a tutor has no greater right than the minor would have had, and we know of no reason why a minor heir should have any such right which a major heir does not have.

It is believed by counsel for plaintiff that the right of administration, which, in some situations, a tutor is accorded by Civil Code, Art. 337, should give to the tutrix here the right to claim the proceeds of these policies—not by reason of her status as tutrix of the minors, but by reason

of her representation of the two estates as administratrix thereof. And this suggestion would have presented a most interesting and involved question had we not before us the illumination thrown by the decision of our Supreme Court in Deshotels et al. v. Lafleur et al., 134 La. 1052, 64 So. 905, upon the subject of administration by tutors. There the court considered and discussed at length the effect, upon the rights of all persons who may be interested, of the acts of a tutor administering an estate falling to a minor, along with others, and the court clearly showed that, to say the least, there would be grave doubt whether an act of a tutor performed in the administration of such an estate would bind other minors not represented, or majors who, by knowledge and failure to object, may have estopped themselves to question the legality of the acts performed by the tutor. In other words, it is now established by that decision that a tutor so acting cannot bind other heirs not represented who had no actual or constructive knowledge of the acts performed.

If, then, the acts of such a tutor or tutrix do not bind the heirs or other persons not represented, an insurer paying to such a tutor or tutrix the proceeds of a life policy payable to the estate of an insured deceased would not, by that payment, be protected against a possible future claim by some other heir not known at the time and not represented by the tutor or tutrix. And how can an insurer ever know, unless there has been a succession proceeding, that all of the heirs, and, therefore, all of the possible claimants, are represented?

In the Deshotels case, supra, the Supreme Court held valid, insofar as the major heirs were concerned, the title to the real estate which was involved. But this holding resulted solely from the fact that those heirs had, or should have had knowledge, of the alienation, and they were held by their silence to have acquiesced therein. If, then, it is only as to those persons who have knowledge and who acquiesce that such acts of a tutor, acting as an administrator, are valid and binding, surely there is always danger in dealing with such representatives unless, by judgment of a probate court, those representatives have been recognized, or the heirs themselves have been recognized, by being put in possession.

We considered, in Succession of Brierre, 19 La.App. 400, 135 So. 762, 766, a similar question—the matter of paying over a bank deposit to a tutrix of a minor who had not been formally sent into possession—and held that the tutrix had no right to demand that the deposit he paid over unless and until the minor should have been formally recognized judicially; and, for fear that it be said that the reason for the result reached was the fact that the special statute concerning the paying over of bank deposits (Act No. 64 of 1921) requires that in such case a minor heir be first judicially so recognized, let us say that we discussed at length the very contention made here, and, after finding that, prior to the decision in the Deshotels case, there was some confusion in our jurisprudence concerning the extent of the right of administration which is accorded to tutors, said that now, because of that decision, there no longer can be any doubt on the question and that it is only in rather limited circumstances that such administration affects all persons who may be interested: "In the light of the facts and actual questions involved and decided in the Deshotels case, and the language of the decision quoted above, we are unable to agree with counsel for the tutrix that, in the absence of an objection by creditors, a tutor has the unqualified right to administer a succession and exercise all the powers and functions of an administrator, without legally qualifying as such as required by article 1044 of the Louisiana Revised Civil Code. Furthermore, the broad statements as to the right of the tutor to act in general as administrator without qualifying as such seem to be in the teeth of article 1044 of the Louisiana Code, while the theory of the status and rights of a tutor as announced by Mr. Justice Monroe in the language we have referred to above is, in our opinion, not only sound in reason, but is in accord with the meaning and intent of the articles of the Louisiana Code dealing with this subject."

That the conclusion reached by us in Succession of Brierre, supra, was based on the view expressed by the Supreme Court in the Deshotels case and not on the special bank statute becomes very evident when we notice the following from our opinion in the Brierre case: "The conclusion we have reached in this case could also probably be supported and justified, if it were necessary, on another and different ground, because we are inclined to the opinion that Act No. 64 of 1921, properly interpreted, contemplates and inferentially indicates that its

intent was to dispense the banks with the necessity, risk, and trouble of investigating facts as to heirship."

■ We think, then, that the petition, since it fails to allege that the heirs have been sent into possession of the estates and fails, also, to allege that the tutrix has been judicially recognized as the administratrix of the two estates, fails to disclose a right of action in the tutrix, either as the representative of the minors, or as the representative of the two estates.

■ The circumstances here do not justify the remanding of the matter in order that plaintiff may be afforded an opportunity to amend her petition. She was given that opportunity in the lower court and failed to avail herself of it.

In Toles v. Metropolitan Life Insurance Company, supra, we ordered a remand in order to afford the opportunity to make such an amendment, but there the judgment in the lower court had dismissed the suit without first affording a delay within which the amendment might be made.

We see no reason to grant to plaintiff an opportunity to make an amendment which she has already failed to make although warned of the necessity therefor.

The judgment is affirmed at the cost of appellant.

Affirmed.