Earl Wilmore, appearing as natural tutor of the minor, Earl Wilmore, Jr., brought this suit against the defendant, Unity *Page 96 
Industrial Life Insurance Company, on two policies of industrial life insurance amounting to $262 issued by the defendant on the life of Orethia Zeringue. He alleges that the insured under the policies is now dead; that the designated beneficiary thereunder died before the insured and that, therefore, the proceeds of the policies became payable to the estate of the insured; that the insured is survived by one minor child, Earl Wilmore, Jr., who is her sole forced heir and that, consequently, he, as tutor of said minor, is entitled to recover the proceeds of the insurance.
In due course, the defendant appeared and attacked the plaintiff's petition by way of exceptions of no right and no cause of action and a plea of prescription. The exceptions of no right of action and no cause of action were maintained by the district judge and plaintiff's suit was dismissed. Hence this appeal.
The exception of no right of action filed by the defendant is based upon the ground that, since plaintiff's petition does not allege that succession proceedings of the insured have been opened in a probate court of competent jurisdiction or that plaintiff is the beneficiary under the policy or succession representative duly qualified or duly recognized heir, he is without right to maintain suit on the insurance policies.
On the other hand, plaintiff maintains that, since he is the qualified natural tutor of the minor child of the insured and since the minor is alleged to be the insureds sole forced heir, it is not necessary for the succession of the insured to be opened in a court of competent jurisdiction and the minor recognized as sole heir by judgment of court. In support of this contention, his counsel direct our attention to the cases of Guidry v. Caire, 195 La. 167, 196 So. 56, and Dorsey v. Metropolitan Life Insurance Co., La.App., 145 So. 304.
The precise question here presented on the exception of the defendant company has already been determined adversely to plaintiff's contention in the recent case of Conoway v. Unity Industrial Life Insurance Co., La.App., 199 So. 168. There, we held, following the jurisprudence established in Toles v. Metropolitan Life Insurance Co., La.App., 166 So. 172; Cherry's Succession v. Metropolitan Life Insurance Co., La.App., 176 So. 645, and Telotte v. Metropolitan Life Insurance Co., La.App., 179 So. 616, that the tutrix of minor heirs, who had not been judicially sent into possession of the estate of a deceased insured, could not claim the proceeds of a policy of insurance on the life of the insured which had become payable to her estate. Writs of certiorari were denied by the Supreme Court in that matter on March 3, 1941.
All of the arguments advanced by counsel for plaintiff in this matter, in support of their contention that a right of action exists in the plaintiff, are fully answered by our opinion in the Conoway case. Hence, it would serve no useful purpose to discuss these contentions again. The case of Guidry v. Caire, supra, relied upon by counsel, was a suit to recover an undivided interest in real estate and therefore has no application to the question involved in this matter. The basic reason for requiring a judgment placing the heir in possession of the insured's estate in cases like this is because the defendant insurer is entitled to be protected by such a judgment so that it may not be later compelled to pay again in the event other persons appear and prove that they are the lawful heirs of the insured.
We find, however, that the Judge of the District Court erred in dismissing plaintiff's petition absolutely on the defendant's exception of no right of action and that he should have accorded to plaintiff an opportunity to amend his pleadings by alleging judicial recognition of heirship in the minor after he shall have taken the necessary proceedings to secure such recognition. It is true that there is no showing by counsel for plaintiff that he requested leave to amend his petition and in this court he has likewise failed to make such a request. However, the same circumstances were present in Toles v. Metropolitan Life Ins. Co., supra [166 So. 174], where we observed: "But, in view of the fact that the absence of the necessary allegations here may result from mere omission to make the allegations and not from the fact that the necessary allegations may not be made, we have concluded to remand the matter in order that in the court below plaintiff may be afforded an opportunity to make the necessary amendments and to produce the necessary proof * * * that she is the sole legal heir of the deceased, duly qualified and recognized as such."
Compare Conoway v. Unity Industrial Life Insurance Co., supra, where we refused to permit an amendment to the petition because it appeared that the Judge of *Page 97 
the lower court had sustained the exception of no right of action with leave to amend and plaintiff had nevertheless declined to take advantage of the opportunity.
Since we are of the opinion that the trial judge should have permitted the plaintiff to amend his pleadings so as to show, if he could, a right of action, it becomes necessary for us to discuss the exception of no cause of action which was likewise sustained below. This exception of the defendant is levelled at paragraph 4 of plaintiff's petition wherein it is stated that, at the time of the insured's death, the policies were in full force and effect and that the insurer did not give notice to her after premiums were no longer paid. Counsel for the defendant say that this allegation can only mean that the plaintiff is depending upon the provisions of Act No. 286 of 1926, as amended and reenacted by Act No. 141 of 1938, which provides that it shall be unlawful for an industrial life insurance company to lapse a policy which has been in force for one year or more without giving 30 days' written notice to the insured. Counsel say that that act is inapplicable here because the policies on which suit is brought provide for a grace period of four weeks and that, by a proviso contained in the statute, it is declared that the notice required shall have no application to policies under which a grace period is granted.
Counsel for plaintiff, on the other hand, maintain that, although the allegation concerning the company's failure to give notice is included in the petition, plaintiff's cause of action is not founded on the defendant's failure to give such notice and that plaintiff is proceeding on the theory that the policies were in full force at the time of the death of the insured as extended insurance under the provisions of Act No. 193 of 1906.
If such is plaintiff's theory, we are unable to discern it from a reading of the petition as the allegations contained therein are quite vague and indefinite. Nowhere in the recitals thereof is found an averment with respect to the length of time premiums were paid on the policies by the insured from which it could be determined whether or not the policies were in force and effect for three years from the date of their issuance (the period necessary to acquire the right of extended insurance). We therefore hold that the exception of no cause of action was properly sustained. But here, again, since the ground upon which the validity of the exception rests results from plaintiff's omission or failure to allege, it is consonant with the modern trend respecting liberality in pleadings to permit him to amend and supplement his allegations so as to state, if he can, a cause of action.
For the reasons assigned, the judgment appealed from is reversed and the case is remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings in accordance with law and not inconsistent with the views herein expressed. Plaintiff-appellant to pay the costs of this appeal.
Reversed and remanded.