Plaintiff, Marie Roche, brought this suit to recover the avails of a certain industrial insurance policy issued by the defendant on the life of her mother, Rosa Poree, who died on May 15, 1936. The plaintiff is not the named beneficiary of the policy which is payable, by its terms, to the executor or administrator of the insured's estate. She, however, alleges in her petition that she has been recognized by the defendant as the beneficiary, of the policy because the insurance company, after her mother's death, paid to her the proceeds which were due on another insurance policy issued by it on the life of her mother and she maintains that, in view of the insurer's action in making this payment, it is now estopped from asserting that she is not the lawful beneficiary under the policy sued upon.
The defendant filed an exception of no right or cause of action to plaintiff's petition which was sustained by the lower court. Plaintiff has appealed from the adverse decision.
Counsel for plaintiff concedes, as he must in view of the well-established jurisprudence (see Toles v. Metropolitan Life Ins. Co., La.App., 166 So. 172), that, since the policy is payable to the executor or administrator of the insured's estate, plaintiff would ordinarily be without a right of action to claim the proceeds because she is neither the executrix or administratrix of her mother's succession nor has she been recognized as the heir of her mother and put in possession of the estate by judgment of court. However, he maintains that the rule announced in the Toles case is inapplicable to the instant matter, in view of plaintiff's allegations that the defendant paid her the proceeds of another policy issued on the life of her mother and that, since this other policy was also payable to the estate of the insured, defendant is now estopped from contending that plaintiff is not the lawful beneficiary of the insurance.
We find no merit in counsel's contention. The policy, upon which payment was made to the plaintiff, contains a facility of payment clause which gave the defendant the right to pay the proceeds to plaintiff without admitting any liability on its part to her. Surely, this payment on another policy cannot form the basis of an estoppel against the defendant and deprive it of its legal right to insist that plaintiff is without a right of action to sue on the instant policy, which is payable to the executor or administrator of the insured's estate.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 788