JANVIER, Judge.
This is a partition proceeding. The plaintiff, Mrs. Marguerite J. Hogan, divorced wife of Arnold J. Emoles, alleges that she is the owner of an undivided half of certain improved property which is not susceptible of division in kind; that she is unwilling to hold the property in common with the owners of the other undivided half, and accordingly, that there must be a partition by licitation. The property in question is described as follows :
“One lot of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and prescriptions thereunto belonging, or in anywise appertaining, situated in the Third District of the City of New Orleans, in Square No. 110, bounded by No. Claiborne Avenue, Music, No. Derbigny and St. Roch Avenue, designated by the Number 11, and forms the corner of Music and No. Derbigny Streets, and measures thirty feet front on Music Street, by a depth of one hundred twenty-six feet, six inches and six lines in depth and front on No. Derb-igny Street.
“The improvements on this property bear the Municipal No. 1640-42 Music Street.”
Since the filing of the suit there have been several deaths among the defendants which have made it necessary that certain parties defendant be substituted for the original defendants, but we deem it more practical to first dispose of the reasons on which the opposition to the partition is based and then, if it be decided that the judgment appealed from which ordered the partition, is correct, to see which persons should now be parties defendant and whether the necessary proceedings to make them parties have been had.
The property was acquired by Albert Wilson Hunter on June 18, 1928, during the existence of the community between him and his second wife, Eliza Jones Davis Hunter. From this second marriage there were no children. Hunter had previously been married to Coste Caroline Rheams Hunter, who died in June, 1903. From that first marriage three children were born, Andrew C. Hunter, Esther Ann Hunter Manuel, widow of Sidney Manuel, and Albert Wilson Hunter, Jr. These children, on the death of Albert Wilson Hunter, inherited his community half interest in the property in question, but had no interest whatever in the community half interest of Eliza Jones Davis Hunter.
Plaintiff bought her undivided half interest from Patricia J. Conrad who had purchased from the Public Administrator, who had been recognized as the Administrator of the estate of Eliza Jones Davis Hunter. There is no doubt that in that succession proceeding it was held that the undivided half of the property belonged to Eliza Jones Davis Hunter, and that in that proceeding the property was sold to Patricia J. Conrad.
However, the defense of the owners of the other half is that, at the time at which the Public Administrator judicially opened the Succession of Eliza Jones Davis Hunter, she was not dead. In judicially opening that succession the Public Administrator alleged, and the Court accepted as a fact, that Eliza Jones Davis Hunter should be presumed to be dead since she had not been heard from in so many years. In other words, the defense was not based on the contention that any *905 of the defendants had the slightest interest as owner of any portion of that other undivided half which was adjudicated as belonging to Eliza Jones Davis Hunter, but solely that she, the purported decedent, was not dead at the time of the filing of the succession proceeding and that therefore the purported sale by the Public Administrator, acting as the Administrator of that estate, was an absolute nullity.
We have gone carefully over the records in the succession proceedings of Coste Caroline Rheams Hunter and Albert Wilson Hunter, and find it difficult to determine what should have been the result had there been an attack by some interested person on the appointment of the Public Administrator when he judicially opened the Succession of Eliza Jones Davis Hunter. We do not hesitate to say that no such contention as that now presented by the defendants can be permitted to set aside the proceedings from which there resulted the sale to Patricia J. Conrad and the subsequent acquisition by the present plaintiff of the undivided half of the property which it is conceded belonged to Eliza Jones Davis Hunter. In such situations a collateral attack by persons without interest cannot be permitted to succeed.
In Cherry’s Succession v. Metropolitan Life Insurance Co., La.App., 176 So. 645, this Court said:
“So far as the attempt to supersede the public administrator as administrator ' of this estate is concerned, there is no legal right in intervenors to seek that redress in this proceeding. It appears that the public administrator has been duly qualified as administrator of this estate, and that the court in which the appointment was made was vested with jurisdiction. Therefore, until the administrator is removed or replaced in the succession proceeding, his right to act here must be recognized. We cannot sanction such a collateral attack. * * * ”
In Navarrette v. Joseph McLaughlin, Inc., La.App., 20 So.2d 313, this Court, as is expressed in the syllabus number three, said:
“A judgment rendered by court of competent jurisdiction imparts absolute verity and has force of thing adjudged until set aside in a direct action of nullity, and it cannot be attacked collaterally.”
The original defendants were Andrew C. Hunter, Esther Ann Hunter Manuel, widow of Sidney Manuel, and Albert Wilson Hunter, Jr. They were the children and sole heirs of Coste Caroline Rheams Hunter and Albert Wilson Hunter. Therefore, on the death of their father in 1930, they inherited his half interest in the community property which is involved here, the other half being owned by the surviving widow of Albert Wilson Hunter, Eliza Jones Davis Hunter. Since the death of Albert Wilson Hunter, Esther Ann Hunter Manuel died leaving no children. Her interest, therefore, was inherited by Andrew C. Hunter and Albert Wilson Hunter, Jr., her brothers. After her death, Andrew C. Hunter died leaving four surviving children, Andrew C. Hunter, Jr., Armah Hunter Adhley, Gloria Hunter Roman and Vincent Hunter. They have all been made parties defendant since the appeal was filed in this Court.
At the time of the rendering of the judgment in the District Court the proper defendants were named in the judgment which is appealed from.
We find no merit in the answer to the appeal in which damages are prayed for as is sometimes permitted where an appeal is frivolous.
Accordingly, the judgment rendered on March 23, 1959, and signed on March 30, 1959 is affirmed at the cost of defendants.
Affirmed.