PROVOSTY, J.
One of the defendants, Frank Janes, bought from the Tensas Delta Land Company 160 acres of timbered land, included in which was the 40 acres in controversy, the S. E. % of the S. W. % of section 23, township 23 north, range 10 east, parish of West Carroll. The sale was without warranty, but for $25,740. He removed and sold the timber from this land and from some 5,000 additional acres adjoining, which he had also bought. This timber being some seven miles from the nearest shipping point, he installed a railroad for removing it. Thereafter he transferred the land to the other defendant, the Frank Janes Company, Limited, of which he is the president and treasurer. Plaintiff claims ownership, and brings this petitory action against the Frank Janes Company, and couples with it a personal action against Frank Janes for damages for trespass, alleging that he acted in bad faith. In making the purchase he acted on the advice of his attorney, that the title was good. But the attorney admits as a witness that he did ■ not examine the records, but based himself upon an abstract of title furnished him by the attorneys of the Tensas Delta Land Company. This abstract showed as follows:
State to .Tames Boatwright, in 1859.
James Boatwright to S. D. Oliver, in 1862.
S. D. Oliver to J. P. Smith, in 1867.
S. D. Oliver to Atlas Insurance Company, one-fourth interest, in 1877.
A’tlas Insurance Company to S. D. Oliver, one-fourth, interest in 1881.
Tax collector to state, in 1886, for taxes of 1885, assessed to S. D. Oliver, “E % of S. W. % of sec. 23,-10 E.”
E. Wisner to Richland Land Company, in 1893.
Richland Land Company, to W. W. Edwards, in 1898.
W. W. Edwards to Buckeye Stave Company, in 1898.
Buckeye Stave Company to L. C. Black, in 1903.
State to Tensas Basin Levee District in 1890.
Levee district to Tensas Delta Land Company, in 1898.
[1] This abstract showed, therefore, that subsequently to the tax sale to the state this land had been the subject of several sales between other parties, and also that the tax sale was based upon an assessment to S. D. Oliver, while the title appeared to stand of record in the name of J. P. Smith, also that the description in the tax sale made no mention of township or range; so that, for all that appeared, the section 23 sold at tax sale might have been a section 23 in some other township. In short, this abstract informed the attorney that other persons were claiming to own the land, and to have recorded titles to same, and that Tensas Delta Land Company’s title was at best founded upon a tax sale of doubtful validity. This knowledge of the attorney has to be imputed to the principal. 2 R. C. L. 38; 6 C. J. 638; 3 A. & E.' E. of L. 320; 3 Ann. Cas. 441.
[2, 3] In measuring the damages due by a trespasser for cutting and removing timber, this court has made a distinction between legal and moral bad faith. In both cases the value of the timber is fixed at the amount at which it was sold by the trespasser; but in the one case the expenses incurred by the trespasser are allowed to be deducted, where *1059 as in the other, they are not. State v. F. B. Williams Cypress Co., 131 La. 70, 58 South. 1033; Trust & Deposit Co. v. Investment Co., 107 La. 251, 31 South. 736. In the|present case we are satisfied that Janes acted in good laith upon the advice of his attorney, and hence must be acquitted of any actual knowledge of the information derived by his attorney from the abstract of title, and therefore of moral bad faith. True, the sale was without warranty; but it appears to have been for full value.
The trial judge allowed the plaintiff $1,000, without specification of the manner in which he arrived at that figure. Defendant contends that the land with the timber on it was not worth more than $8 an acre, or $320 for the 40 acres; that, as a matter ‘of fact, the expense of cutting the timber and putting it on the market exceeded the price he received for it; that all of it -was inferior and part of it so poor that it could not be sold at all; and his learned counsel make a computation of what cutting the timber and hauling it to the nearest shipping point -would have cost without the defendant's railroad. On the other hand, plaintiff’s counsel makes a computation, based upon the figures furnished by defendant, as to what were the prices obtained by defendant generally for the timber he sold, and the cost of delivering it at the nearest shipping point by means of the railroad. According to this computation the amount received by defendant, less expenses, would be $914.05. The testimony of plaintiff, as a witness, would go to show a much larger amount; but it impresses us as inflated; whereas, defendant appears to have been very frank and straightforward in his testimony. The appeal is by defendant, and plaintiff has filed an answer, asking that the judgment be increased to the full amount claimed, $1,767.50. We think he ought to be well satisfied with the $914.05 shown by the said computation. Without defendant’s railroad his timber would have been practically of little or no value, being too far from the nearest shipping point.
[4] Defendant’s learned counsel contend that the petition of plaintiff has claimed only the value of the timber in the woods, or, in other words, only the stumpage, and that consequently no more than this should be allowed.
We do not so read the petition. After alleging the cutting and removal of the timber and the bhd faith of the defendant, it proceeds:
“That the timber so cut and removed from said land was worth to your petitioner’, for the purposes for which he had acquired it, not less than $10 per thousand feet for said logs, and 25 cents per linear foot for said piling standing in the woods, making a total of $1,767.50, value of said timber, in the woods. That said timber was worth considerably more than that amount at the market, as will be shown on the trial hereof.”
And the prayer is:
“And that there be judgment in favor of your petitioner, and against said Janes, individually, in the full sum of $1,767.50, value of said timber cut and removed by said Janes, and for general and equitable relief.”
We think the sum total of this petition is a claim for $1,767.50, with an allegation that the timber was worth that much in the woods and much more on the market.
The judgment appealed from is reduced from $1,000 to $914.05, and, as thus reduced, is affirmed. The plaintiff and appellee to pay the costs of the appeal.