ODOM, Justice.
 

 This is an appeal by the plaintiff from a judgment dismissing her suit on exception of no cause of action.
 

 These are the pertinent facts: On August 30, 1932, Wilfred P. Guidry and his six brothers and sisters filed suit in the Parish of St. James against Etienne Joseph Caire and Jean B. C. Graugnard to recover an undivided two-thirds interest in a certain plantation, situated in that parish,
 
 *172
 
 then owned and possessed by the defendants. As a cause of action, they alleged that the property had belonged to their deceased father, who had made a donation inter vivos thereof to his father (plaintiffs’ grandfather) ; that said donation was reducible to one-third, under Article 1493 of the Civil Code, their father leaving at his death more than three forced heirs, and that they should be recognized as the owners of an undivided two-thirds interest in said property. The suit which the Guidry heirs filed against defendants is referred to in the present suit as No. 6654.
 

 Wilfred P. Guidry, one of the seven Guidry heirs who brought said suit, died intestate at his home in Jefferson Davis Parish on August 26, 1933, leaving a widow but no children. His estate consisted of his community interest in some property in Jefferson Davis Parish, where he died. He left also as a separate estate his one-seventh interest in the lawsuit then pending in the Parish of St. • James, referred to as Suit No. 6654. He owed debts, and his widow, Mrs. Edith Pearle Guidry, was appointed administratrix of his succession in the Parish of Jefferson Davis. A notary was appointed to make an inventory, which included “An undivided one:seventh (3/7) in that certain suit bearing No. 6654, entitled ‘Wilfrid P. Guidry et al. v. Etienne Joseph Caire and Jean B. C. Graugnard’, now pending in the 23rd Judicial District Court, in and for St. James Parish, Louisiana, belonging to the separate and paraphernal estate of the deceased”.
 

 The one-seventh interest, in the lawsuit was appraised at $1.00. The widow, as administratrix, was authorized to sell at public auction all of the property of the succession to pay debts, and at the sale she purchased the interest in said suit for $5 on December 23, 1933. In her petition to the court for authorization to sell the assets of the succession to pay debts, Mrs. Guidry, the administratrix, referred to the one-seventh interest in said lawsuit in the following language:
 

 “The administratrix further shows that there is an item of a dubious or doubtful value carried upon the inventory as an undivided one-seventh interest in a certain lawsuit bearing No. 6654, entitled ‘Wilfrid P. Guidry et al. v. Etienne Joseph Caire and Jean B. C. Graugnard’, pending in the 23rd Judicial District Court of Louisiana, in and for St. James Parish, which is the separate and paraphernal estate of the deceased, and which, if it has any value whatever, is likewise an asset of the estate; and, on the other hand, .may become a liability of the estate and inasmuch as the liability is contingent, your administratrix has not scheduled the same among the debts of the estate, but shows that she should be authorized to offer for sale and sell all of the interest of the deceased in said litigation for whatever it will bring, if anything, for the purpose of. paying debts.”
 

 On December 18, 1933, five days before she purchased at succession sale the one-seventh interest in said lawsuit then pending in the Parish of St. James, the judge of the district court in St. James Parish rendered judgment sustaining an exception of no cause of action, which had been filed by the defendants, Caire and Graugnard.
 
 *174
 
 On February 12, 1934, the attorney for the plaintiffs in Suit No. 6654 petitioned the court of St. James Parish, where the suit was pending, to' have the remaining six Guidry heirs recognized as the sole heirs of the deceaseid Wilfred P. Guidry. They alleged that Wilfred P. Guidry, one of the original plaintiffs in the suit, died intestate at his domicile in Elton, Louisiana (which is in-Jefferson Davis Parish), on August 26, 1933, and that the remaining plaintiffs in that suit were his brothers and sisters and, as such, his only heirs; “that the interest of the said late Wilfred P. Guidry as co-plaintiff in this cause is the sole and only item constituting the separate estate of the said decedent and that your movers are heirs to such interest, the said Wilfred P. Guidry having died intestate; and on suggesting that your movers, as such heirs, desire to be substituted in the place and stead of the said Wilfred P. Guidry, as party co-plaintiff in this matter, and, collectively, to succeed to his right of action herein and to his proportionate interest herein and to all of his rights, title and interest in this matter”.
 

 Whereupon, the court rendered judgment ordering- that the remaining' Guidry heirs “be, and they are hereby substituted in the place and stead of the late Wilfred P. Guidry as party co-plaintiff in this cause, in capacities as sole and only heirs at law of the said decedent and, as such, entitled to succeed, collectively, to the right of action of the said late Wilfred P. Guidry herein and to the proportionate interest of the said decedent as party co-plaintiff herein and to all his rights, title and interest in this matter”.
 

 The Guidry heirs, plaintiffs in Suit No. 6654, took an appeal to this court from the judgment of the district court dismissing their suit on exception of no cause of action. On March 4, 1935, this court handed down an opinion reversing the judgment of the district court, and .remanded the case for trial on its merits. A rehearing was denied on April 1, 1935. Guidry et al. v. Caire et al., 181 La. 895, 160 So. 622.
 

 Thereafter, the Suit No. 6654 was tried on its merits, and judgment in favor of the Guidry heirs and against Caire and Graugnard was rendered on June 2, 1937. The judgment recognized the Guidry heirs as - owners of an undivided two-thirds interest in the property involved, and condemned -the defendants, Caire and Graugnard, who were then' in possession of the plantation, to pay to the plaintiffs $2,500 for improvements destroyed and for income received by them up to December 31, 1935.
 

 There was no appeal from that judgment, but on July 2, 1937, a compromise settlement was' entered into between the plaintiffs, the Guidry heirs, and Caire and Graugnard, the defendants, by which the plaintiffs transferred to the defendants all of their rights, titles, and interest in and to the plantation, which was an undivided two-thirds, for the sum of $10,000. This was a notarial act and recited that it was a compromise and settlement of the litigation.
 

 
 *176
 
 On November 22, 1938, Mrs. Edith Pearle Guidry, widow of Wilfred P. Guidry, who had purchased the one-seventh interest in the lawsuit at succession sale on December 23, 1933, as stated above, filed the present suit in the Parish of St. James against Etienne Joseph Caire and Jean B. C. Graugnard, who were, defendants in the revendication Suit No. 6654 and who had purchased the interest of the Guidry heirs in the plantation, as stated above. The objects of her demands, in substance, were to have it decreed that the judgment rendered by the district court on June 2, 1937, in favor of the Guidry heirs and against Caire and Graugnard, inured to her benefit and that the judgment of the court of St. James Parish “substituting the mother, brothers and sisters as parties plaintiff for Wilfrid P. Guidry, deceased, be declared null and void absolutely and of no effect and recognizing the said judgment [on the merits, June 2, 1937] as ,res judicata and binding both upon your petitioner as one of the parties plaintiff therein representing the interest of Wilfrid P. Guidry, deceased, and recognizing your petitioner as the owner of an undivided one-seventh of the undivided, two-thirds of the plantation and entitled to an undivided one-seventh of the moneyed judgment therein rendered”.
 

 Plaintiff prayed in the alternative that, should the court hold that the judgment rendered in the district court of St. James Parish pn June 2, 1937, in favor of the Guidry heirs, did not, inure to her benefit, “'then and in that event your petitioner’s, alternative plea adopting by reference all of the allegations of the petitions of the plaintiffs in suit No. 6654 on the docket of this court
 
 [St.
 
 James Parish]
 
 and the case
 
 be tried anew on the merits as between her and the defendants be ordered and, after trial, that there be judgment in her favor and against the defendants recognizing her undivided one-seventh interest in an undivided two-thirds of the plantation together with an undivided one-seventh of the undivided two-thirds of the value of the property destroyed”.
 

 Defendants filed exceptions of no cause or right of action, a plea of laches, and pleaded prescription of one, three, and five years. The exception of no cause or right of action was maintained, and plaintiff’s demands were rejected at her costs. She appealed.
 

 We have stated at length and in detail the pertinent facts to be considered in connection with the exception of no cause of action and the plea of laches filed by defendant. After considering all the facts and circumstances disclosed, our conclusion is, and we hold, that the judge did not err in his judgment dismissing plaintiff’s suit.
 

 Counsel for plaintiff-appellant have devoted a considerable portion of their briefs filed in this court to a discussion of the question whether or not the court of Jefferson Davis Parish was vested with jurisdiction over the succession of Wilfred P. Guidry and whether the plaintiff in this suit, who is the widow of the deceased and the administratrix of his succession, acquired valid title to a one-seventh interest in the lawsuit pending in the Parish of St. James.
 

 
 *178
 
 As to the question, of jurisdiction, there is no room for doubt. Wilfred P. Guidry had his domicile in Jefferson Davis Parish and died there. His succession was properly opened there. Code of Practice, Article 929; Civil Code, Article 935. No further citation of authority is necessary on this point. As to whether plaintiff acquired valid title to the interest in the lawsuit pending in St. James Parish, under the circumstances disclosed by the record, we express no opinion. But, even if it be conceded that she did, it does not follow that she now has a cause of action, under the circumstances shown by the record to exist, against these defendants to recover an undivided one-seventh interest in the land involved and in the amount of the money judgment rendered in favor of the plaintiffs in the original Suit No. 6654.
 

 It is important to keep in mind just what the plaintiff did acquire, if anything, at the succession sale. She alleged in her petition for the sale of the effects of the succession to pay debts that there was carried on the inventory an item belonging to the separate estate of her deceased husband, which item was an undivided one-seventh interest in a certain lawsuit, bearing No. 6654, entitled Wilfred P. Guidry et al. v. Etienne Joseph Caire and Jean B. C. Graugnard, pending in the Twenty-third Judicial District Court of Louisiana, in and for St. James Parish. According to the proces verbal of the succession sale, which is in the record, she purchased an undivided one-seventh interest in that lawsuit for $5, “valued and appraised at $1.00”.
 

 She purchased, therefore, not an undivided interest in the land' involved in the suit pending in the distant Parish of St. James, but an interest in the suit to set aside a donation inter vivos made by the ancestor of the plaintiffs in the suit, her deceased husband being one of them. Under no theory can it be said that this plaintiff acquired at the succession sale any interest in the land which she now seeks to recover from these defendants. Her deceased husband and the other Guidry heirs did not own the land itself when they filed the suit’ in St. James Parish. What they owned, and all they then owned, was the cause and right of action to recover it. They brought an action to set aside the donation inter vivos of the land by their ancestor. That action was properly owned by the Guidry heirs, one of whom was plaintiff’s deceased husband.
 

 It is conceded, as it must be conceded, that the action did not abate by the death of Wilfred P. Gui.dry. Code of Practice, Articles 21 and 361. See Louisiana Practice, by Henry George McMahon, Volume I, page 25 et seq. It continued in favor of the surviving heirs of the deceased. Code of Practice, Articles 22 and 361. This action was continued. The case was prosecuted to a successful conclusion by the remaining six plaintiffs, who had themselves “substituted in the place and stead of the late Wilfred P. Guidry as party co-plaintiff in this cause” by order of the court of St. James Parish, where the suit was pending. This substitution was made on February 12, 1934.
 

 The two points' especially stressed by counsel for plaintiff-appellant are, first, that the judgment of the .court in S.t. James
 
 *180
 
 Parish, recognizing the remaining plaintiffs — the mother, brothers, and sisters of the deceased — as his sole heirs and substituting tliem as plaintiffs in the place and stead of the deceased, was absolutely null because the court had no jurisdiction to render such judgment; and, second, that the judgment of June 2, 1937, decreeing that the plaintiffs in that suit, when it was finally decided, were the owners of an undivided two-thirds interest in the plantation and condemning the defendants to pay to plaintiffs $2,500, inured to her benefit, and that she therefore now owns an undivided one-seventh interest in the undivided two-thirds interest in the land itself and the same interest in the money judgment.
 

 In support of their argument that the court of St. James Parish was without jurisdiction to substitute the heirs of Wilfred P. Guidry as co-plaintiffs in the suit, counsel cite no authority except those establishing the rule that successions must be opened in the parish where the deceased resided and died. But these do not support the contention here made. The suit was pending in the Parish of St. James, and no court except the court of that parish had jurisdiction over it, and for that reason no other court could render judgment making heirs parties. Counsel argue that, when-the court of St. James Parish rendered judgment substituting parties to the suit, it assumed jurisdiction over the succession of Wilfred P. Guidry. That is not true. What the court did, and all it did, was to recognize and decree that the mother,' brothers, and sisters of the deceased Wilfred P. Guidry were his sole heirs and as such had inherited his interest in the cause of action then pending before it and were the 'proper parties to continue the suit. It is admitted that Wilfred P. Guidry died intestate and had no children. That being true, these parties acquired by inheritance all his property, including this action, at the moment of his death. Le mort saisit le vif. Succession of Coco, 185 La. 901, 171 So. 70, and numerous authorities there cited and reviewed. Proceeding upon this principle, the court rendered its order making these heirs parties in the place and stead of the deceased. It was not necessary for these heirs to have themselves recognized as such in the Parish of Jefferson Davis, where the deceased died, in order that they might proceed with the prosecution of the suit in the Parish of St. James. The settled jurisprudence is that “An heir can sue directly without having been recognized as an heir by the probate court, and prove his heirship and his right to recover as an heir. All that can be required of him is to furnish satisfactory evidence of his right to inherit”. See discussion of.this point and authorities cited in Long v. Chailan, 187 La. 507, 175 So. 42.
 

 It is' perfectly evident that these defendants relied in perfect good faith upon the judgment of the district court of St. James Parish substituting the remaining plaintiffs as co-plaintiffs in the suit and authorizing them to proceed with the action. There is nothing to indicate, much less to show, that .these defendants had any knowledge that the succession of Wilfred P. Guidry had been opened in the distant Parish of Jefferson Davis or that this plaintiff claimed that she had acquired an interest in the action. 'Nor is it contended that the judge of the
 
 *182
 
 district court of St. James Parish had any knowledge that .the succession of Wilfred P. Guidry had been opened in the Parish of Jefferson Davis. Counsel for this plaintiff argue that the plaintiffs in the original suit, who had themselves substituted as parties, were charged with the knowledge that the succession of Wilfred P. Guidry had been opened in another parish, and that they were in bad faith. Even if this be true, such bad faith cannot be imputed to these defendants. They were in court, not. of their own volition, but because they had been brought there by the plaintiffs, and they had a right to rely upon the judgment of the court of St. James Parish, where the suit was pending, decreeing that the remaining plaintiffs had the right, as a matter of law, to proceed with the suit. In so far as the issue here involved is concerned, that judgment protects these defendants.
 

 On June 2, 1937, the court of St. James Parish rendered judgment in favor of the plaintiffs in that suit and against the defendants. On the faith of that judgment, defendants purchased from the plaintiffs in that suit, for a substantial consideration, the interest in the plantation which the court decreed to belong to the plaintiffs. In other words, they purchased from the parties whom the court decreed to be the owners of the property. The judgment on the merits, considered in connection with the judgment substituting the plaintiffs, protects these defendants from the attack here made.
 

 The judgment of the court of St. James Parish, rendered on June 2, 1937, decreeing that the plaintiffs in that case were entitled to an interest in the plantation, did not, under the circumstances here presented, inure to the benefit of the plaintiff in the present suit. While she purchased at the succession sale in the Parish of Jefferson Davis an interest in the action then pending in the Parish of St. James, she did not have herself made a party to that suit and did not continue it along with the other plaintiffs.. The record, we think, discloses the reason why she- did not do so. She alleged in her petition to have the effects of the succession sold that this particular item was “of a dubious or doubtful value”; she expressed doubt in her application as to whether the item “has any value whatever”, and further alleged that it “may become a liability of the estate and inasmuch as the liability is contingent, your administratrix has not scheduled the same among the debts of the estate”. In other words, she was apparently uncertain whether she had bought an asset or a liability. The reason why it might become a liability was that a heavy cost bill might be incurred and be chargeable to the plaintiffs in case they lost the suit. If this plaintiff had, within a reasonable time, made herself a party to the suit, which it was her right and duty to do if she expected to reap any benefits therefrom, then the final judgment on the merits would have inured to her benefit.
 

 The demand which she now makes is exceedingly stale. She knew, of course, that this suit was pending. Yet for a period of nearly .five years she did nothing. Her counsel say that she knew nothing about what was going on in the distant court of St. James Parish. They are the same counsel who represented her in the succession
 
 *184
 
 proceeding in which she purchased the interest in the lawsuit. They knew, of course, and their knowledge was her knowl- ' edge, that what she purchased was an interest in a pending action and that, unless the action was continued, nothing could be realized therefrom. She is guilty of laches —an inexcusable delay in asserting a right. Equitably, she has no right to complain. Considering the record in the succession proceeding last above referred to, it is reasonable, we think, to infer that she refrained from asserting her rights from prudential reasons — the interest in the lawsuit might prove to be a liability. It is not an unreasonable inference that her inaction was attributable to a desire to await the outcome of the suit and to attempt to benefit from it if its results were favorable. “It is also a well-recognized principle of equity that if one is so negligent in the pursuit of his remedy that the rights of a third party have been permitted to intervene to such an extent as to be materially affected if he should prevail, relief will not be granted”. 10 R.C.L., p. 400, Sec. 147.
 

 We attribute no special importance to the fact that the vendors in the sale made to defendants on July 2, 1937, specifically warranted the title against all claims or demands which might possibly be made by this plaintiff. That does not necessarily show that the defendants were not purchasers in good faith.
 

 For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.
 

 FOURNET, J., concurs in the decree.
 

 HIGGINS, J., absent.