On May 26, 1941, Beulah Solomon brought this suit as beneficiary under a policy of life insurance issued by defendant on the life of Adrian Solomon, claiming the sum of $104, the face value of the policy. It is alleged that the insured died on July 16, 1938, and that, although the policy had lapsed in the year 1937 by reason of non-payment of premiums, nevertheless the "policy was good for its full amount at the time of the said insured's death under the provisions of Act No. 193 of 1906", as extended insurance.
Defendant filed a plea of prescription based upon the conventional limitation of one year contained in the policy sued upon. In compliance with the rules of the First City Court, where the suit was brought, defendant filed its answer, concurrently with its plea, denying that a recovery could be had upon the extended insurance provisions of the policy.
The lower court sustained the plea of prescription and dismissed plaintiff's suit. Plaintiff has appealed.
The policy sued upon contains the following stipulation: "No suit shall be brought nor action commenced against this Company under this Policy until 60 days shall have expired, after filing in the Company's Office of all the proofs of death, upon all the forms required by the Company, nor after one year from the time when the right of action shall accrue unless otherwise provided by the law of the State of the contract."
Plaintiff does not question the validity of the foregoing restriction. However, she contends that under the holdings in the cases of Cruze v. Life Insurance Co. of Va., La.App., 184 So. 735; Id., La.App., 185 So. 492, and Parretti v. Metropolitan Life Insurance Co., La.App., 196 So. 663, no plea of prescription may be urged here since defendant, in writing and issuing the policy sued upon, violated Act No. 193 of 1906, which requires insurance companies to insert in their policies a clause to the effect that such policies are "issued *Page 590 
subject to the provisions of this Act relating to non-forfeiture".
In the Cruze case the holder of a life insurance policy died in 1930, after default in the payment of premiums, and the insurer paid to the beneficiary a sum representing the paid-up insurance value of the policy. Under the provisions of Act No. 193 of 1906 the beneficiary was entitled to the full face value of the policy as extended insurance. The insurer having violated the statute, supra, by failing to insert a clause in the policy that it was issued subject to the non-forfeiture provisions of the statute, the beneficiary was not aware of her legal rights as to extended insurance. In 1935, five years after the insured's death, the beneficiary, learning of her rights for the first time, sued to recover the full face value. The defendant filed a plea of prescription based upon the conventional limitation of one year, the policy providing that "no suit shall be brought against the company after one year from the date of the death of the insured" [184 So. 737]. In overruling the plea of prescription we said: "* * * we hold that the insurance company's failure to insert in its policy that it was written in accordance with the provisions of Act No. 193 of 1906 had the legal effect of impeding plaintiff in obtaining knowledge of the existence of the right she now seeks to enforce; that the doctrine of `contra non valentem' is applicable and that the course of prescription was suspended during the period of time elapsing from the date of the insured's death until the date when plaintiff, for the first time, acquired knowledge of the fact that she was afforded a remedy other than that set forth in the policies. Since less than one year passed between the date on which she acquired knowledge of her rights and the filing of this suit, the action has been instituted in time. * * *"
The Parretti case was very similar to the Cruze case. There the insured died in 1922, after default in the payment of premiums, and the insurer paid to the beneficiary only the paid-up value of the policy. Seventeen years later the beneficiary learned for the first time that she was entitled, under Act No. 193 of 1906, to the full face value, as extended insurance, the insurer having failed to include a provision in the policy that it was issued subject to the non-forfeiture provisions of that act. Thereupon, the beneficiary sued to recover the face value of the policy. This court, upon authority of the Cruze case, rejected the plea of prescription of ten years liberendi causa.
It is evident, therefore, that the cases relied upon do not hold, as plaintiff in the case at bar would have us believe that, where the insurer violates Act No. 193 of 1906 by failing to insert in its policies a provision that they are subject to the non-forfeiture provisions of that act, a plea of prescription cannot be urged. The Cruze and Parretti cases, supra, are authority only for the proposition that where the required provision is not inserted in the policy, the course of prescription is suspended during the period of time elapsing from the date of the insured's death until the date when the beneficiary first acquired knowledge of his legal rights under the extended insurance statute referred to.
In the present case defendant-insurer failed to insert, as required by that act, a provision in the policy to the effect that it was issued subject to its non-forfeiture provisions. However, the record discloses that the plaintiff acquired knowledge of the existence and applicability of that statute and of her legal rights thereunder shortly after the insured's death, and more than two years before this suit was filed.
According to her own testimony, plaintiff, less than five days after the insured's death, employed counsel, the late J.A. Woodville, to prosecute her claim on the lapsed policy, and on her first visit to his offices was definitely informed that the face value of the policy could be collected. On July 21, 1938, her counsel presented a written demand for the full amount of the policy. Therein he takes cognizance of the policy having lapsed for non-payment of premiums, but contends that, irrespective of that fact, the policy was still in full force and effect under the extended insurance statute, supra, on the date of the insured's death. The record further discloses that the vice-president of defendant company, John H. Dew, on receipt of this claim, discussed the matter with Mr. Woodville and learned that it was based on the extended insurance act (No. 193 of 1906), and that, on December 6, 1938, the claim was rejected upon the ground that the accumulated reserve on the policy, as computed by the company's actuary, was insufficient to carry it to the date of the insured's death.
In American Jurisprudence, Vol. 5 (Attorneys-at-Law), Section 74, at page 302, appears the following: "The well-established general rule that notice or knowledge *Page 591 
of an agent, while the agency exists and while he is acting within the scope of his authority, is imputed to his principal, is applicable to the relation of attorney and client; * * *".
In Allen v. Frank Janes Co., Ltd., 142 La. 1056, 78 So. 115, 116, the Supreme Court said: "* * * This knowledge of the attorney has to be imputed to the principal. 2 R.C.L. 38; 6 C.J., 638; 3 A. E.E. of L. 320; 3 Ann.Cas. 441."
Also see Guidry v. Caire, 195 La. 167, 196 So. 56.
In this case it is not only manifest that plaintiff had independent knowledge of the substance of the extended insurance laws and her legal rights thereunder, but that her attorney's knowledge was imputed to her.
Under the doctrine announced in the Cruze and Parretti cases, supra, the course of prescription in the present case was suspended only during the period of time elapsing from the date of the insured's death until the date when the plaintiff-beneficiary acquired knowledge of her legal rights under the extended insurance statute. Having been made aware of her legal rights, it is shown that the plaintiff allowed two years or more to elapse before filing her suit. It is manifest, therefore, that the judgment of the court below, in sustaining the plea of prescription, was correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.