REGAN, Judge.
The plaintiffs, George M. Wainer, individually and as curator of Sigmund Wainer, incompetent, Lester Wainer, Uriah Wainer, Sarah Wainer, wife of Meyer Berger and Rose Wainer, widow of Harry Blackman, as heirs of Harry Wainer, their father, who purchased, at a tax sale, four lots of ground in the City of New Orleans, instituted this suit against the defendant, Lawrence T. Kirn, endeavoring to have set aside subsequent tax sales under which the defendant claims title to this property.
The defendant answered and generally denied the allegations of plaintiffs’ petition, insisting that he was the rightful owner of the property and praying that the title of plaintiffs be declared null and void and their suit dismissed. On the day of the trial defendant pleaded the exceptions of no right or cause of action and misjoinder and nonjoinder of parties plaintiff, which exceptions were referred to the merits.
From a judgment in favor of defendant dismissing plaintiffs’ suit, plaintiffs prosecuted an appeal to the Supreme Court, which expressed the opinion that “the record does not affirmatively show that the property in dispute is valued in excess of $2,000, which is our jurisdictional minimum, we cannot entertain the appeal. True, counsel stipulated at the conclusion of the trial that it was worth more than $2,500. But the stipulation is without effect, consent of the parties being inappropriate and insufficient for conferring appellate jurisdiction.” The appeal was, therefore, transferred to this court. Wainer v. Kirn, 223 La. 669, 66 So.2d 587, 588.
We have made a careful analysis of the pleadings and evidence and are compelled by virtue thereof to arrive at the conclusion that the initial question posed for our consideration is whether the plaintiffs have satisfactorily revealed that they are the heirs of Harry Wainer and are thus entitled to institute this suit.
We are fully cognizant of the fact that the jurisprudence is settled to the effect that “ ‘An heir can sue directly without having been recognized as an heir by the probate court, and prove his heirship and his right to recover as an heir.’ ” Guidry v. Caire, 195 La. 167, 196 So. 56, 60; Long v. Chailan, 187 La. 507, 175 So. 42. However, the heirs must furnish sufficient evidence of their right to inherit. In this respect we are of the opinion that the record fails to disclose enough evidence to satisfy us that these plaintiffs have shown the legal right to inherit from their father. Although the record in the Succession of Harry Wainer, No. 248,799 of the docket of the Civil District Court, was introduced in evidence, we have failed to find therein either a judgment of possession or an affidavit of heirship or other evidence that would infallibly establish the plaintiffs as the heirs of Harry Wainer. While it is true that George Wainer testified, under cross-examination, in the instant suit that he was the son of Harry Wainer and that the other plaintiffs “Sigmund Wainer”, “Lester Wainer”, “Uriah”, “Sarah”, “Rose” and “Daisy Wainer Berins” (who is not a party to this suit) were his brothers and *765 sisters, we do not believe that this was sufficient in itself to constitute such a declaration of heirship as would entitle them to initiate this litigation as heirs of Harry Wainer to set aside a tax sale. However, we are of the opinion that the plaintiffs’ suit should not be dismissed and that they should be afforded an opportunity to prove that they are the heirs of Harry Wainer and, by virtue of this fact, are entitled to maintain this action.
For the reasons assigned the judgment' appealed from is annulled, avoided and reversed and this case is remanded to the Civil District Court for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded.