On Application for Rehearing
PER CURIAM.
In an application for rehearing, defendants-appellees insist that it was error not to follow Blum v. Allen, 145 La. 71, 81 So. 760, and thereby hold that the heirs who had not been recognized as such and placed in possession of an estate by a judgment of court obtained contradictorily with the Inheritance Tax Collector were without standing or capacity to sue for the recovery of property inherited by them.
The jurisprudence, as heretofore pointed out, is not in accord with the holding in the cited case but is to the contrary. The jurisprudence is well settled to the effect that — ■
“An heir can sue directly without having been recognized as an heir by the probate court, and prove his heir-ship and his right to recover as an heir. ‘All that can be required of him is to furnish satisfactory evidence of his right to inherit.’ ’’ Long v. Chailan, 187 La. 507, 175 So. 42, 48; Guidry v. Caire, 195 La. 167, 196 So. 56; Wainer v. Kirn, La.App., 72 So.2d 763, 764.
The motion for a rehearing is, therefore, denied.