ELLIS, Judge.
In this suit, plaintiff Alma Martin is asking for the nullity of two judgments. The first is a judgment of possession in the Succession of Green B. White, No. 8257 of the Docket of the 19th Judicial District Court, and the second is a judgment in the matter of Luther A. White, et al v. Annie Smith White, et al, No. 82,739 of the Docket of the 19th Judicial District Court.
It is alleged that each of these judgments recognizes Luther A. White as the owner of an interest in 75.32 acres of land; that the judgments were based on his being a legitimate child of Green B. White; that Luther White testified that he was born on August 17, 1902; and that in truth he was born in 1895 or 1896 or 1898.
To the petition, defendant filed peremptory exceptions of no right or cause of action, res judicata, and prescription. The exception of no cause of action was based on plaintiff’s failure to allege that she was adversely affected by the judgments complained of, and her failure to allege any fraud or ill practice on other grounds for the nullity thereof.
The exception of prescription is based on the provisions of Article 2004 of the Code of Civil Procedure, it being alleged that plaintiff had knowledge of the fraud or ill practice complained of for more than one year prior to the institution of the suit for nullity.
The exception of res judicata, although sustained in the trial court, has been abandoned in this court.
The lower court sustained the exceptions of prescription and no cause of action. From the judgment of dismissal, plaintiff has appealed.
The judgment in Luther A. White v. Annie Smith White, No. 82,739, dated September 4, 1964, is in evidence, together with the entire record in that case. It orders the cancellation of a tax sale and two conventional sales of the 75.32 acres of land, and recognizes Luther A. White as the owner of an undivided 10% interest therein. It also recognizes the ownership of undivided interests in the property by five other heirs of Green B. White.
From the record, it appears that the prior case involved the validity of a tax sale and certain transfers made thereafter which had the effect of vesting title in the widowed third wife of Green B. White and her children. The greater part of the facts of the case were stipulated by all parties.
Stipulation 4 recognizes the fact that Luther A. White is a child of Green B. White by his second marriage. On November 13, 1962, after the trial but before judgment, a motion was filed to re-open the case for the purpose of taking evidence to show that stipulation 4 was incorrect, movers alleging that they had been informed that Luther White had been born before 1902, the year in which his parents were married.
A hearing was held on that motion on April 19, 1963, and Luther White testified under oath that he had been born on August 17, 1902.
On September 4, 1964, judgment was signed recognizing Luther White’s interest in the property. On the same day, a motion for a new trial was filed, alleging newly discovered evidence on the point of Luther White’s birthdate. There was attached to the motion an affidavit by Alma Martin, the plaintiff herein, relative to the discovery of the evidence. The motion was denied. Thereafter the judgment became final.
At some time thereafter, other evidence relative to Luther White’s birthdate was discovered by plaintiff herein. Also, ac *221 cording to her testimony, she learned for the first time of Luther White’s testimony of April 16, 1963, when a transcript thereof was sent her in September, 1965. She was not present at the hearing when the testimony was elicited, but was represented by counsel. She further testified that it was this testimony alone that was the basis of her allegation of fraud or ill practice.
Article 2004 of the Code of Civil Procedure provides as follows:
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
Defendant herein claims that the fact that plaintiff’s attorney was present at the hearing was constructive notice to her of the testimony in question, and that, since the hearing was held more than one year before December 8, 1965, the date this suit was filed, she can no longer maintain the action of nullity.
She claims no notice of the testimony until she read it, and that, even so, she could not be sure it was false until she obtained her last evidence, which was discovered in the latter part of 1964 or early 1965.
It is settled that the knowledge of an attorney is imputable to his client. Allen v. Frank Janes Co., 142 La. 1056, 78 So. 115 (1918); Solomon v. First National Life Insurance Co., 5 So.2d 589 (La.App.Orl.1942). Since plaintiff’s attorney was aware of defendant’s testimony at the time it was given, plaintiff is charged with knowledge thereof as of that time. That; testimony was given more than one year before this suit was filed, and plaintiff testified that it forms the basis of her suit. The district court properly maintained the exception of prescription.
With respect to the ex parte judgment of possession in the Succession of Green B. White, No. 8257, we find that it is not subject to an action of nullity since it is not a definitive judgment. Janney v. Calmes, 212 La. 756, 33 So.2d 510 (1948).
Since we are of the opinion that the exception of prescription was properly maintained, it is not necessary that we consider the exception of no cause of action.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.