**Roland H. MINVIELLE et al.,**

v.

**SHELL OIL COMPANY.**

**Civ. A. No. 14410.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

Jan. 20, 1971.

---

John A. Rogers, Jeanerette, La., and Watkins, Watkins & Walker, J. Louis Watkins, Jr., Houma, La., for plaintiffs.

George C. Schoenberger, Jr. and Alvin B. Gibson, New Orleans, La., and Caffery, Duhe & Davis, John M. Duhe, Jr., New Iberia, La., for defendant.

PUTNAM, District Judge.

This is an action by mineral lessors against their lessee to cancel the lease and to recover royalties allegedly wrongfully paid to the State as owner of certain water bottoms. The lessee has filed a motion for summary judgment.

## UNDISPUTED FACTS

On August 31, 1948, Rita Provost Minvielle granted a mineral lease on a certain tract of land to defendant Shell Oil Company. The tract is traversed by bayous.

Plaintiffs are the successors in title of Rita Provost Minvielle.

Pursuant to its powers under the lease, Shell in 1951 declared a 160-acre unit by pooling with the Minvielle land an adjacent tract owned by the Gonsoulins 77.17 acres, and the State 21.42 acres.

The Minvielle heirs at that time were represented by Mr. Wilbur L. Allain, a Jeanerette attorney. The correspondence and affidavits filed in the record show that Mr. Allain was aware that Shell was allocating the water bottom acreage to the State of Louisiana.

Mr. Allain was concerned about the accuracy of his clients' participation in the unit as reflected in Shell's proposed division order. For that reason he retyped the entire division order, adding a paragraph reserving the rights of his clients to show a greater participation.

After Shell approved this modified division order, the Minvielles signed it.

The division order, as finally agreed upon and signed, authorized Shell to pay each of the five Minvielle heirs from production to the extent of "⅕ of ⅛ of 6141/16000," but reserved the rights of the Minvielles to show a greater participation.

Shell paid royalties in accordance with this division order until July 1, 1965, when the Commissioner of Conservation issued Order No. 146–G unitizing the "Wo" sand which underlay part of the Minvielle tract.

Shortly thereafter, a dispute arose between Shell and the Minvielle heirs, which neither side has described with particularity, other than to say that it was disputed whether Shell had lived up to all of its obligations under the lease. This dispute led to a compromise agreement, executed March 6, 1968, under which the plaintiffs did "agree and recognize that there are no outstanding express or implied obligations under the Oil, Gas and Mineral Lease * * * which have not been met and satisfied," in return for increased royalty and other valuable consideration from Shell.

On November 18, 1968, Shell convoked a concursus proceeding in the State court and has deposited in the registry of that court all royalties which have accrued since the execution of the compromise agreement.

## CONCLUSIONS OF LAW

This court has jurisdiction under 28 U.S.C. § 1332 and § 1441. The case was removed from the State court on the basis of diversity of citizenship and jurisdictional amount.

It is well settled that the knowledge of an attorney must be imputed to the client as it relates to the matter entrusted to the attorney. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, reh. denied, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962); Guidry v. Caire, 195 La. 167, 196 So. 56 (1940); Allen v. Frank Janes Co., 142 La. 1056,

886

78 So. 115 (1918); Bonnecaze v. Hamrick, 221 So.2d 638 (La.App. 4th Cir. 1969), writ refused, no error of law, 254 La. 461, 223 So.2d 870 (1969); Martin v. White, 219 So.2d 219 (La.App. 1st Cir. 1969); Girard v. Bacon Lumber Co., 161 So.2d 358 (La.App. 4th Cir. 1964); Wiltz v. Home Bldg. & Loan Ass'n, 24 So.2d 204 (La.App. 1st Cir. 1945); Solomon v. First Nat'l Life Ins. Co., 5 So.2d 589 (La.App.Orl.1942).

Thus the Minvielle heirs must be held to have known as a matter of law that Shell had allocated the water bottoms to the State.

Shell's obligation to pay royalties, although subsequently embodied in a division order, was an express obligation under the lease. Plaintiffs' claim to any royalties from water bottoms was therefore compromised as a necessary consequence of their recognition that all obligations under the lease had been satisfied. See Louisiana Civil Code, Articles 3071, 3073, 3083; Hodge v. Leeds, 5 Rob. 322 (La.1843); Grounx v. Abat's Executors, 7 La. 17 (1834); Gaylor v. Copes, 16 F. 49 (Cir.Ct.E.D.La.1883).

Shell, having deposited in the registry of the State court all royalties which accrued subsequent to the compromise, is relieved of all liability as to the funds so deposited. Louisiana Code of Civil Procedure, Article 4658.

The cases are legion to the effect that an oil and gas lease can be cancelled for failure to pay royalty only if there has been an arbitrary refusal or an unreasonable delay. See, e. g., Bollinger v. Texas Co., 232 La. 637, 95 So.2d 132 (1957); Melancon v. Texas Co., 230 La. 593, 89 So.2d 135 (1956); Broadhead v. Pan American Petroleum Corp., 166 So. 2d 329 (La.App. 3d Cir. 1964), writ refused, no error of law, 246 La. 873, 167 So.2d 679 (1964). In the instant case, Shell at all times paid royalties in accordance with the agreements which had been made. There was no arbitrary refusal to pay royalties. Thus plaintiffs are not entitled to a cancellation of the lease.

ORDER

For the foregoing reasons, it is ordered that the Motion for Summary Judgment filed by defendant Shell Oil Company be and the same is hereby granted.