331 So.2d 139 (1976)
Willie BARBER et al., Plaintiffs-Appellants,
v.
Louis TESTA, Defendant-Appellee.
No. 5403.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
Rehearing Denied May 19, 1976.
Gerald P. Aurillo, Metairie, for plaintiffs-appellants.
Hebert & Moss by David Donnell Moss, Baton Rouge, and Burton L. Wade, St. Joseph, for defendant-appellee.
*140 Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
PAVY, Judge.
This is a suit for nullity of a judgment. In 1954, Willie Barber, who with his children are plaintiffs herein, signed a purported cash sale in favor of Louis Testa, defendant, pertaining to 44 acres of land. In 1960 Barber filed a first suit to annul the sale which was dismissed for failure to prosecute. This suit is mentioned only for general background as it bears no direct and real pertinence to the present litigation. In 1971, Barber filed a second suit to recover the property. It culminated in a judgment, dated May 15, 1973, decreeing the sale to be a security device in the form of a sale with right of redemption and conditioning his right to recover the property on payment by him to defendant of certain listed indebtednesses within two months. Apparently the redemption or payoff was never effected.
In this suit, filed in April, 1975, the plaintiffs seek to annul the judgment of May 15, 1973, on the ground of fraud or ill practices as provided by Code of Civil Procedure Article 2004. The district court sustained exceptions of res judicata and of the prescription of one year as provided by said article and dismissed the suit. Plaintiffs have appealed.

MOTION TO OBTAIN THE RECORD
In this court, plaintiffs have filed a pleading entitled "Motion to Obtain the Record" in which they seek an order to the trial court to send up, for incorporation as part of the appellate record, the trial court records in the two previous suits. Although some of the documents in the second suit were filed in evidence in this nullity suit, the whole records in those first two suits were not put in evidence in this case. For this court to now receive those records would constitute the taking of evidence and the exercise of original jurisdiction with which we are not vested. See Sec. 10, Art. V, La.Const. of 1974. The proposal by appellant does not come within the language of Code of Civil Procedure Article 2132 which deals with correcting erroneous records or supplementing records which are deficient as to matters actually introduced in evidence. Accordingly, the motion to supplement is denied.

EXCEPTIONS
Plaintiffs contend that the one-year prescription is not applicable because the use of the word "discovery" in Code of Civil Procedure Article 2004 indicates actual knowledge is necessary to commence the running of that time limitation and that they only learned of the alleged fraud or ill practices within the year prior to the filing of this suit. In support of this contention, all but one of plaintiffs testified on trial of the plea of prescription that they were not aware of the judgment or the events leading up to it until they consulted their present attorney in September, 1974. Throughout the second suit, the judgment of which is sought to be annulled herein, plaintiffs were represented by counsel. The law is well settled that notice to an attorney of record is notice to the client. We do not think the "discovery" language used in Article 2004 affects that rule. Even if actual notice is required by that article, plaintiffs' attorney had actual notice and they are chargeable with the same notice.
In Martin v. White, 219 So.2d 219 (La. App. 1st Cir. 1969), the plaintiff sought to annul a judgment because of fraud or ill practices in the form of perjury committed during a hearing at which plaintiff was represented by counsel but not present herself. In ruling that the plea of prescription was properly maintained, the court stated:
"It is settled that the knowledge of an attorney is imputable to his client. Allen v. Frank Janes Co., 142 La. 1056, 78 So. 115 (1918); Solomon v. First National *141 Life Insurance Co., 5 So.2d 589 (La.App. Orl.1942). Since plaintiff's attorney was aware of defendant's testimony at the time it was given, plaintiff is charged with knowledge thereof as of that time. That testimony was given more than one year before this suit was filed, and plaintiff testified that it forms the basis of her suit. The district court properly maintained the exception of prescription."
By our following discussion, we do not in any way mean to suggest that the attorney who represented defendant in the second suit committed any fraud or ill practice. That issue is not before us for determination. The record as made up deals mainly with the question of notice to plaintiffs' counsel in that second suit and barely, if at all, touches the question of whether there was in fact any fraud or ill practice.
The fraud or ill practices alleged are that the judgment of May 15, 1973, was obtained without approval of opposing counsel and that it was not in conformity with the judge's prior reasons for judgment in that the judgment reforms the document of 1954 from an outright sale to one with right of redemption whereas it ought to have been reformed to an outright mortgage.
The record does not contain the judge's reasons for judgment. The preamble in the judgment refers to the reasons for judgment dated May 1, 1973. On May 9, 1973, defendant's attorney wrote plaintiffs' attorney a letter in which he enclosed the proposed judgment, discussed some of the details of it and requested that it be approved and returned for signing the following week.
Defendant's attorney testified that, on May 14, he called plaintiffs' attorney regarding approval of the previously forwarded judgment and was told by plaintiffs' attorney that the judgment was all right. The judgment was signed on May 15. On May 16, plaintiff's attorney wrote defendant's attorney a letter, the first two paragraphs of which stated:
"When you called last Monday I had not studied your judgment, only Judge Boyd's. I guess I was a little confused. I sent a copy of your judgment to the Barbers and asked them to comment on the exclusions. To date I have nothing and ask you to favor me with a little more time."
We think it is a reasonable conclusion that the reference to "Judge Boyd's" meant his reasons for judgment.
On May 18, notice of judgment was served on plaintiffs' counsel. No motion for new trial was filed. In September, 1973, plaintiffs, through their same attorney, filed a summary proceeding entitled "Rule for Payment of Past Due Debt" in which they sought to establish certain debts by defendant arising from his receipt of proceeds of sell-offs of, or revenues from, the property. On November 2, 1973, this rule was dismissed under an exception levelled at improper use of summary procedure. In January, 1974, plaintiffs' same attorney obtained an order of appeal from the "final judgment" rendered November 2, 1973. The briefs indicate this appeal was never perfected.
The above events clearly show that the Barbers' attorney had full knowledge of the judgment of May 15, 1973, its contents and all events leading up to its rendition including any fraud or ill practices alleged in the petition in the instant suit. Therefore, we hold that plaintiffs, through their counsel, had notice of the alleged fraud or ill practices for more than a year prior to suit and it is barred by the one year prescription.
Plaintiffs further contend that the judgment attacked is unconscionable and ask us to exercise a discretion so as to overrule the plea of prescription. As authority, he cites the third paragraph under Comment (b) to Code of Civil Procedure Article 2004. The language quoted and the *142 cases cited in that comment deal with the merits of the nullity claim and not with the applicability of the one year time limitation provided by that article. We know of no jurisprudence that vests any discretion in determining whether the one year prescription should be applied. The argument is without merit.
The lower court sustained the exception of res judicata and dismissed the suit on that basis also. The judgment of May 15, 1973, was the foundation for the plea of res judicata. The judgment subject to attack in the nullity action cannot be urged as res judicata against the nullity claim itself. See Powell v. Treat, 265 So.2d 678 (1972, La.App.2d Circuit) and authorities therein.
Accordingly, the judgment of the lower court sustaining the exception of res judicata and thereby dismissing plaintiffs' suit is reversed and said exception is overruled. The judgment of the lower court sustaining the exception of prescription and thereby dismissing the action is affirmed. All costs of this appeal are to be borne by appellants.
REVERSED AND RENDERED IN PART AND AFFIRMED IN PART.